## SANDERS v. CAMP et al.
### No. 5330.

Court of Civil Appeals of Texas. Amarillo.
Sept. 22, 1941.

Rehearing Denied Oct. 6, 1941.

Sanders & Scott, of Amarillo (A. P. Smith, of Amarillo, of counsel), for appellant.

R. H. Cocke and Luther Gribble, both of Wellington, for appellees.

FOLLEY, Justice.

This suit was filed in Cause No. 3241 in the District Court of Wheeler County by the appellant, J. W. Sanders, against the appellees, D. C. Camp and Rama Camp, a feme sole, seeking to foreclose a judgment lien upon certain lands in Collingsworth County. Each of the appellees filed a plea of privilege to be sued in Collingsworth County, his place of residence. The appellant controverted such pleas and sought to retain the venue in Wheeler County as against D. C. Camp by reason of subdivision 5 of article 1995, Vernon's Annotated Civil Statutes, and as against Rama Camp by reason of subdivision 29a of the same article. The trial court sustained a general demurrer to appellant's controverting affidavits and, upon sustaining the respective pleas of privilege, ordered the case transferred to Collingsworth County. From such action this appeal is prosecuted.

From the controverting affidavits of the appellant, and from his original petition which was made a part of his controverting affidavits, it appears that on August 9, 1932, in Cause No. 2178 in the District Court of Wheeler County the Canadian State Bank recovered judgment against D. C. Camp and another for $6,083 with foreclosure of a deed of trust lien upon certain lands. The suit in such cause was upon an indebtedness evidenced by an instrument in writing payable in Wheeler County, which indebtedness D. C. Camp had assumed in purchasing the lands upon which the foreclosure was ordered. After the sale of such land under the foreclosure there remained a deficiency judgment of $5,095.80 which was purchased by the appellant. Abstract of such judgment was duly filed, indexed and recorded in the Abstract of Judgment Records of Collingsworth County.

Thereafter, on October 26, 1940, this suit was filed by the appellant in Wheeler County seeking to foreclose his judgment lien upon certain lands in Collingsworth County. The appellees were alleged to have been residents of Collingsworth County. It was further alleged that D. C. Camp was the record owner of such lands and had been at the time the lien attached. In the alternative appellant alleged that, if the property had been transferred to Rama Camp, such conveyance by D. C. Camp was for the purpose of defrauding his creditors and that D. C. Camp was the real and beneficial owner of the lands. The appellant prayed for foreclosure against both of the appellees.

The theory of the appellant is that under subdivision 5 of the above article venue lies in Wheeler County as against D. C. Camp because this is a suit to enforce a judgment lien which judgment was obtained in a former suit based upon a written contract performable in Wheeler County. Although it is conceded this action is not a suit upon the original contract where the venue was fixed in Wheeler County, in view of the language of subdivision 5 relative to suits "upon or by reason of such obligation" the appellant contends that the venue of this suit is also in Wheeler County because it is "by reason of" the former written obligation. We are not in accord with appellant's contention in this respect. We think the question has been foreclosed against him in Blocker et al. v. Commercial Nat. Bank of Uvalde, Tex.Civ.App., 295 S.W. 341, and in B. F. Avery & Sons Plow Co. v. Mayfield, Tex.Civ.App., 111 S.W.2d 1134. Although each of those cases involved a new suit in the form of a bill of discovery based upon a judgment recovered in a former suit where, as in the instant case, the venue was fixed by written agreement, we think the principle involved is identical with that of the case at bar. In disposing of a contention similar to the appellant's herein the court in the Blocker case said (page 342 of 295 S.W.): "It is true, as appellee contends, that in the original suit the venue as to the defendants was fixed in Uvalde county by virtue of the contractual obligation of appellants to pay the note in that county, and this action is collateral to the original action. But it is not an ancillary proceeding in that suit; it is a separate, distinct action, instituted, under special procedure provided by a statute which is silent upon the subject of venue, three years after the determination of the original action. It was not brought to enforce appellants' obligation to pay a note or perform any other obligation in Uvalde county or to determine the liability of appellants for any purpose. It was a distinct suit to require them to disclose their resources, so as to enable appellee to have those resources subjected to the satisfaction of its judgment obtained in a former suit. No reason exists under the statute, nor in equity, for depriving appellants of their valuable right to have the matter tried in the county of their domicile where, also, appellee alleges, the property sought to be discovered is situated."

The appellant insists that because the Blocker case was decided before the 1935 amendment to subdivision 5 the same is not controlling because prior to such amendment the subdivision in question did not contain the language "suit upon or by reason of such obligation" but on the contrary referred only to a "suit" upon the written obligation itself. The appellant further suggests that perhaps the Legislature had the Blocker case in mind when the 1935 amendment was enacted and intended to fix the venue in a suit of this sort in the county where the original obligation was performable. This argument certainly cannot be advanced to offset the holding in the Avery case for it was decided after the enactment of the amendment. Moreover, if the Legislature had intended to fix the venue in such suits as contended by the appellant, such legislative body might well have made its intention clear by unmistakable language. But such is not the case. The phrase "suit upon or by reason of such obligation" could not in our opinion reasonably be construed as fixing the venue of a suit to foreclose a judgment lien in the county where the original obligation upon which it was based was performable. Such an interpretation would be a strained construction. In the instant case the written obligation lost its identity as such when the same was reduced to a judgment and a new and distinct obligation came into existence by the terms of which no particular venue was fixed. Therefore, the instant suit is not "by reason of" the former written obligation but is by reason of the judgment in Cause No. 2178 which in so far as the venue of this

suit is concerned might as well have been founded in tort or based upon an open account. We therefore conclude that the venue of this suit to foreclose the judgment lien against D. C. Camp is not in Wheeler County under the provisions of subdivision 5.

Having held that the venue of the suit as to D. C. Camp is not properly laid in Wheeler County, it follows that the venue cannot be retained there as to Rama Camp under the provisions of subdivision 29a of the venue statute. Since D. C. Camp may not be sued in Wheeler County, it becomes immaterial as to whether or not Rama Camp is a necessary party within the meaning of this subdivision. In this connection, however, the appellant asserts that after sustaining the general demurrers to appellant's controverting affidavits the court was unwarranted in sustaining the plea of privilege of Rama Camp because the same was fatally defective in that the jurat of the officer taking the affidavit was dated October 6, 1940, whereas the appellant's petition was not filed until October 26, 1940. The appellant insists that this discrepancy in the dates is conclusive that the affidavit was made before the suit was filed and the plea is therefore insufficient. From the language of the plea of privilege as a whole it is apparent the date noted on the jurat is a typographical error. As above noted the suit was filed October 26, 1940. Although the jurat to the plea of privilege in question is dated October 6, 1940, apparently twenty days prior to the filing of the suit, the plea itself is shown to have been filed on November 6, 1940, the same day that of D. C. Camp was sworn to and filed. The plea of privilege bears the same suit number as does appellant's petition and the affiant avers that she had theretofore been served with citation in such cause. She further avers that she was not a resident of Wheeler County at the time such suit was instituted nor at the time of the service of the process thereon nor at the time of the filing of such plea. Under these circumstances it is apparent that the oath could not have been administered on October 6, 1940, before the suit was filed, as contended by the appellant, and we conclude the plea of privilege was sufficient to sustain the court's action. Speed et al. v. Chas. Lyon Co. et al., Tex.Civ.App., 69 S.W.2d 147.

The judgment is affirmed.