Robert HOOKS et al., Appellants,

v.

Charles A. VANDERBURG et al., Appellees.

No. 16074.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1959.

Parker & Parker, Beaumont, for appellants.

A. L. Bevil, Kountze, for appellees.

BOYD, Justice.

Robert Hooks et al. appeal from a judgment in favor of Charles A. Vanderburg et al. for the title to and possession of an undivided "Fifty (50) Acres of Land, more

or less, out of the A. Page Survey of 160 acres, patented to C. D. Blackshire, Assignee of A. Page, Patent No. 285, Volume 23, Abstract No. 429, in Hardin County, Texas, * * * ."

Appellees are, or claim under, heirs of W. W. Lyon and wife, M. F. Lyon. Appellants claim under W. H. Turner and J. B. Hooks.

On September 28, 1892, in the suit of J. J. Copley et al. v. D. J. Williams et al., W. W. Lyon, Intervener, the named parties, Copley, Williams and Lyon, each recovered an undivided one-third interest in 150 acres, being all of the A. Page Survey except a ten acre tract in its southwest corner.

W. W. Lyon and Mary Frances Evans were married on February 16, 1871. They lived together until his death in 1904. She died in 1911.

By deed dated March 20, 1893, and filed for record on January 6, 1896, W. W. Lyon conveyed to P. I. Hunter "fifty (50) acres of Aurany Page headright situated One Mile East of the Town of Kountze for fuller description refer to the Minutes of the District Court of Hardin County on Page 494, 495, 496 on the 28th day of Sept."

On November 24, 1894, D. J. Williams signed and acknowledged a deed purporting to convey to Mrs. M. F. Lyon "the following tract and parcel of land lying and being in said Hardin County, To-wit: All undivided one-third interest in and to One hundred and fifty acres of land patented to C. D. Blackshear, assignee arrena page 6, Patent No. 285, Vol. No. 23, Being the same land decreed to me by consent Decree in the case of J. J. Copley vs. D. J. Williams et al in the District Court of said Hardin County on the 28th day of September, A. D. 1892, as appears on the minutes of the District Court of Hardin County, Texas on page 494-495 reference being hereby made to said Decree, and to

the Field notes now on file in General Land Office for a more particular description by metes and bounds." This deed was filed for record on May 1, 1901.

On October 4, 1893, W. H. Turner and J. B. Hooks obtained a judgment in the District Court of Hardin County, Texas, against W. W. Lyon and others for $1,-641.66. On February 25, 1897, the Sheriff of Hardin County levied upon the following described property, among other tracts, as the property of W. W. Lyon, to satisfy said judgment:

"Also an undivided one-third interest in and to a tract of land containing 160 acres, and situated in said Hardin County (less ten acres in a square form out of the South West corner) patented to C. D. Blackshear, assignee of A. Page, September 12, A. D. 1890, by Patent No. 285, Volume No. 23." On April 6, 1897, the Sheriff sold said land to W. H. Turner and J. B. Hooks, the deed being filed for record on April 13, 1897. Appellees conceded that the interest conveyed by Williams to Mrs. M. F. Lyon was community property of the Lyons, and there is no contention that the Sheriff's sale was not regular, or that the property was not sold to pay community debts.

The question involved is whether the Sheriff's deed to Turner and Hooks vested title to the 50 acre interest acquired by Mrs. M. F. Lyon by virtue of the deed from D. J. Williams.

The court found that "the execution of February 25, 1897, by which Deed was made April 6, 1897, levying upon and conveying several tracts of land, as the property of W. W. Lyon, one of which being an undivided one-third of 160 Acres of the A. Page Survey less 10 acres out of the Southwest corner, if effective as to either of the 50 Acres in question, said levy and sale was attempted to be made on the 50 Acres acquired by W. W. Lyon in the Judgment of J. J. Copley vs. D. J. Williams, et al, September 28, 1892, * * * ."

It is difficult to see how that could be so, because W. W. Lyon had theretofore sold that interest to P. I. Hunter.

Appellees say that the title to the 50 acre interest awarded to D. J. Williams in the judgment remained in him until the deed from Williams to Mrs. M. F. Lyon was filed for record on May 1, 1901.

■ Title to real estate is conveyed by the execution and delivery of a deed. 26 C.J.S. Deeds § 10(2), p. 596. The recording of a deed is not essential to the transmission of title. McBride v. Loomis, Tex. Com.App., 212 S.W. 480; Urban v. Bagby, Tex.Com.App., 291 S.W. 537; Hughes v. Sloan, Tex.Civ.App., 62 S.W.2d 194, error refused; 26 C.J.S. Deeds § 74, p. 799.

■ No evidence was offered as to the time of the delivery of the deed from Williams to Mrs. M. F. Lyon. In the absence of such evidence, we think the deed must be presumed to have been delivered on the day of its execution and acknowledgment. Kirby v. Cartwright, 48 Tex.Civ.App. 8, 106 S.W. 742, error refused; Brown v. Rodgers, Tex.Civ.App., 248 S.W. 750; 14-B Tex.Jur., p. 559, § 115; 16 Am.Jur., p. 657, § 387.

■ We think it is immaterial whether the Sheriff intended to levy upon and sell the interest acquired by W. W. Lyon in the Copley v. Williams judgment, as apparently found by the trial court, which interest had already been sold by W. W. Lyon to P. I. Hunter; or how or whether the Sheriff ascertained that the unrecorded deed from Williams to Mrs. M. F. Lyon was in existence. He may have learned of the ownership of the Lyons in the tract deeded by Williams to Mrs. M. F. Lyon by following the provisions of Article 2344, Rev. Civ.St.1895, which directed him to call upon W. W. Lyon to point out property to be levied upon, and to make the levy on that very property.

The judgment is reversed and judgment here rendered for appellants.