Abe LICHTENSTEIN and Harold A. Pollman et ux., Appellants,

v.

The F & M NATIONAL BANK OF KAUFMAN, Texas, Appellee.

No. 16245.

Court of Civil Appeals of Texas.

Dallas.

Nov. 1, 1963.

Goldberg & Alexander, James A. Baker, Lefkowitz, Green, Ginsberg, Eades & Gilmore, and John Plath Green, Dallas, for appellants.

Jack C. Morgan, Kaufman, for appellee.

DIXON, Chief Justice.

The Farmers & Merchants National Bank of Kaufman, holder of a judgment against Abe Lichtenstein, filed suit in Kaufman County against Lichtenstein and Harold A. Pollman and wife, Leah Pollman, to set aside a deed from Lichtenstein to Pollman. The Bank alleges that the conveyance was executed in order to delay, hinder and defraud Lichtenstein's creditors. Pollman is Lichtenstein's son-in-law.

The defendants filed pleas of privilege seeking to transfer the suit to Dallas County, their place of residence. In its controverting plea the Bank relies on Subdivisions 5, 7, 12 and 14 of Article 1995 Vernon's Ann.Civ.St. to retain venue in Kaufman County. The pleas of privilege were overruled.

Subdivision 5 provides that if a person has contracted in writing to perform an obligation in a particular county suit may be brought on such obligation in such county. The notes upon which the Bank obtained the judgment of September 14, 1962 were payable in Kaufman County. But such fact will not serve to retain venue in Kaufman County of this suit to set aside the deed from Lichtenstein to Pollman. The promissory notes as written obligations lost their identity when they were reduced to judgment. A new and distinct obligation came into existence, namely the judgment. By the terms of the judgment no particular venue was fixed. Therefore Subdivision 5 is not applicable. Sanders v. Camp, Tex.Civ.App., 154 S.W.2d 306. See also Blocker v. Commercial Nat. Bank of Uvalde, Tex.Civ.App., 295 S.W. 341 and B. F. Avery & Sons Plow Co. y. Mayfield, Tex.Civ.App., 111 S.W.2d 1134.

Venue cannot be retained in Kaufman County under Subdivision 7, which provides that in cases of fraud suit may be brought in the county where the fraud was committed. The particular act of fraud relied upon by appellee in this case is the execution of the deed from Lichtenstein to Pollman, which act appellee alleges was for the purpose of defrauding creditors. Such act of fraud, if it was fraud, was committed in Dallas County, not Kaufman County. The deed on its face shows that it was executed in Dallas County and the acknowledgment was taken before a notary public in Dallas County. The place of execution of the deed is not a disputed fact. In the absence of evidence to the contrary a deed will be presumed to have been delivered at the 'time of its execution. Hooks et al. v. Vanderburg et al., Tex.Civ.App., 328 S.W.2d 467. The recording of the deed was not essential to the conveyance of title. Thornton v. Rains, 157 Tex. 65, 299 S.W.2d 287; Hooks v. Vanderburg, Tex.Civ.App., 328 S.W.2d 467.

Subdivision 12 provides that a suit to foreclose a mortgage may be brought in the county where the property subject to lien is situated. Subdivision 14 provides that suits for the recovery of land must be brought in the county in which the land may lie. Neither subdivision is applicable here. Though appellee asks that a judgment lien be fixed against the property, the present suit is one to set aside a conveyance because of fraud. Our Supreme Court has held that such an action is not a suit for the recovery of land nor one to enforce a lien. Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796 (Syl. 1 & 2), 76 A.L.R. 855.

The deed which appellee seeks to set aside was executed December 22, 1961 and was filed for record in Kaufman County on January 29, 1962. It was thereafter, on September 14, 1962, that the Bank obtained judgment on its unsecured notes. The Bank had no mortgage on the property and of course it could not have had a judgment lien at the time the deed was executed.

McGriff v. Hazle, Tex.Civ.App., 201 S.W.2d 92.

Venue of this suit cannot be retained in Kaufman County under Subdivisions 5, 7, 12, or 14 of Article 1995 V.A.C.S. Appellants' points on appeal are sustained.

The order of the trial court is reversed and the cause remanded to the trial court with directions to sustain appellants' pleas of privilege and order the suit transferred to Dallas County for trial.

Reversed and remanded.