**Guy H. ELLIOTT et al., Appellants,**

**v.**

**Mrs. Loda Woods MANSFIELD, Appellee.**

**No. 6795.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1965.

Rehearing Denied Jan. 19, 1966.

Thomas H. Lee, Houston, for appellants.

W. G. Woods, Jr., R. E. Biggs, Liberty, for appellee.

STEPHENSON, Justice.

Plaintiff brought this action in trespass to try title. Defendant filed a cross-action on the theory of a resulting trust. Trial was by jury and judgment rendered for defendant on her cross-action based upon the findings of the jury. The parties will be referred to here as they were in the trial court.

It was stipulated that Luther Fails and wife were the common source of title, and that defendant was the surviving wife of C. G. Mansfield and acquired whatever title he had at the time of his death to the land involved in this suit. A deed was offered in evidence from Luther Fails and wife conveying to plaintiff the land in contro-versy. It was defendant's contention that C. G. Mansfield purchased the land but took the title in plaintiff's name. Plaintiff contended the land was a gift to him from C. G. Mansfield, or in the alternative, that plaintiff's parents furnished a part of the purchase price for such land.

The jury found that C. G. Mansfield did not intend to give plaintiff the land in question and that the full consideration for the land was paid by C. G. Mansfield or his first wife, Sarah Mansfield.

Plaintiff first contends the trial court erred in failing to render judgment for plaintiff because there was no evidence sustaining a trust relationship between plaintiff and C. G. Mansfield. We look to the evidence in the record favorable to the finding of the jury that C. G. Mansfield did not intend to give the land to the plaintiff, and favorable to the judgment of the court that defendant recover the title to the land in question.

Luther Fails testified: The trade for this land was made between C. G. Mansfield and himself and no one else. He carried his deeds to the land to C. G. Mansfield who had the deed prepared. He and his wife went to the Dayton State Bank and executed the deed and C. G. Mansfield gave him a check which was identified and received in evidence. The deed executed named plaintiff as grantee. The law is well settled that where a transfer of land is made to one person and the purchase price is paid by another person, a presumption of resulting trust in the payor arises, unless the payor manifests an intention not to retain a beneficial interest in the property.

There is a great deal of evidence in this case that the payor, C. G. Mansfield, intended to retain the beneficial interest in the property. The favorable evidence shows C. G. Mansfield went into possession of the property immediately and exercised dominion over the property from Septem-

ber 1950 until his death in 1959. C. G. Mansfield paid all taxes against this land each and every year during his lifetime except one year's State and County taxes. C. G. Mansfield employed, directed and paid Chester Holbrook $1,660.66 for dozer work clearing undesirable trees and underbrush from the land in the Fall of 1952. He also employed and paid Sim Brown $1,295.00 for dozer work done in January and August of 1952 on this land. C. G. Mansfield employed, directed and paid W. T. Tiner to take down a fence between this tract of land and another tract of land owned by him, known as the Della Scott tract, and to fence this tract with creosote posts, wire and staples. C. G. Mansfield rented a house located on this tract to Luther Fails' mother and received rent for more than a year after the land was purchased. No accounting was made for this rent money to either the plaintiff or his parents. The fact that plaintiff was nine years old and the nephew of Sarah Mansfield, who was C. G. Mansfield's first wife, does not establish as a matter of law that the conveyance in question was a gift. The point is overruled.

The plaintiff's next point is that he should have judgment for an undivided interest in the land as a matter of law because his mother paid a portion of the purchase price. As already stated, the jury found adversely to this contention, and this is in effect a "no evidence" point. We have already quoted the evidence given by Luther Fails that C. G. Mansfield paid for the land with his check. The date of the transaction was September 29, 1950. Plaintiff offered in evidence a check dated September 25, 1950, executed by Mrs. William J. Elliot, plaintiff's mother, payable to the order of C. G. Mansfield in the amount of $3,414.95. A notation on the check showed: "One-half interest in Della Scott place." Plaintiff offered in evidence a second check in the same amount dated March 2, 1952, executed by C. G. Mansfield payable to the order of Mildred Elliot, this being the same person as Mrs. William J. Elliot. The

evidence also shows that C. G. Mansfield purchased the Della Scott tract July 21, 1950. All of this evidence supported the findings of the jury and the judgment of the court. The point is overruled.

Judgment affirmed.