Lucille L. BELL, Appellant,

v.

Christine Walker SMITH, Appellee.

No. 17678.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 16, 1976.

Perez & Dickens, and Frank W. Sullivan, III, Fort Worth, for appellant.

John Whiteside, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is a trespass to try title suit brought by Lucille Bell against Christine Walker Smith seeking to recover the title and possession of the North 115 feet of Lot 2, Block "A", Grande Vista Heights Addition to Fort Worth, Tarrant County, Texas. The trial court's judgment decreed that plaintiff take nothing from defendant by reason of her suit and the plaintiff has appealed.

We affirm.

The appellant, Lucille Bell, urges one point of error, it being that the trial court erred as a matter of law in holding that she had no ownership interest in the land in question.

We overrule that point.

In this non-jury trial no findings of fact or conclusions of law were filed by the trial court and he was not requested to file any.

It is settled that in a non-jury trial when findings of fact and conclusions of law were not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.Sup., 1968), and *Crawford v. Boyd,* 453 S.W.2d 232 (Fort Worth Civ.App., 1970, ref., n. r. e.). The following is from *Crawford v. Boyd,* supra: "In such a case the trial court's judgment implies that all necessary fact findings were made by that court in support of the judgment. In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto the appellate court can consider only that evidence that is most favorable to the issue and must disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950)."

We are required to apply the law referred to in deciding this case.

We are convinced that there are valid legal theories upon which the trial court's judgment can be upheld that are fully supported by the evidence in the case.

1. The trial court, under applicable law and under the evidence in this case, could have correctly theorized or concluded that the appellee, Christine Smith, became the owner of title to a ½ interest in the property in the transaction of October 1, 1969, in which Logan and Joyce Garner deeded the property to Lonnie Smith. Such a conclusion could have been correctly arrived at on the theory that a trust resulted when the purchase money for the property was paid for from the community funds of the marriage of Gene D. Smith and Christine Smith.

2. Since Gene D. Smith also owned a ½ interest in the property because of the resulting trust referred to, and thereafter executed a quitclaim deed quitclaiming his interest in the property to Christine Smith, the said Christine Smith by virtue of that quitclaim deed acquired the other ½ interest in the property, making her the owner of all of it.

We will hereinafter discuss our reasoning and the authorities that we have considered in arriving at the conclusions we have expressed above.

### *Christine Smith acquired a ½ interest by reason of a resulting trust*

During the trial the parties stipulated that Logan and Joyce Garner were the common source of title.

There was evidence in the case to the following effect:

Gene D. Smith and the appellee, Christine Smith, were living in the house in question in 1969 as tenants; they were at that time husband and wife; about that time they became interested in buying a house and made a deal to buy the property in question from Logan and Joyce Garner; on October 1, 1969, they went to a lawyer's office to close the deal; the lawyer asked the two Smiths, who were both present at the closing, who he should name in the deed as the grantee, and Gene D. Smith told the lawyer

that they were buying the house for his son, Lonnie Smith, and to name him in the deed as the grantee; Lonnie Smith was Gene D. Smith's son by a prior marriage and he was not the son of Gene D. Smith's then wife, Christine Smith; Christine Smith was present when Gene Smith told the lawyer to put Lonnie Smith's name in the deed as grantee; Christine Smith testified that she was dumbfounded when she heard Gene D. Smith tell the lawyer to put Lonnie's name in the deed as grantee, but remained silent about it until after the deal was closed; she was inexperienced in business; on leaving the lawyer's office she asked Gene Smith why he had his son, Lonnie's, name put in the deed as grantee instead of their names and he told her that it was handled in that way for tax purposes and that the title would be put into their names later; the consideration for the purchase of the house was a $2,000.00 down payment and the assumption by grantee of the balance due on a $6,000.00 note that was secured by a lien on the property and the further assumption by grantee of the balance due on a paving lien against the property that was originally in the amount of $700.00; Gene D. Smith and his then wife, Christine Smith, paid the down payment by issuing a check to the sellers drawn on an account into which Smith had been depositing the earnings that he made during his marriage to Christine; after the purchase of the house was completed Gene D. Smith and his wife, Christine Smith, continued to live in the house; after the deal was closed they made the payments on the paving lien until it was paid off with their community funds and they made the monthly payments as they accrued on the $6,000.00 note that was assumed; these payments were made with their community funds; after the deal was closed the testimony showed that Gene Smith and his wife, Christine, made extensive improvements throughout the house, the cost of which was in excess of $1,000.00, and that these improvements were paid for from their community funds; Lonnie Smith has never had possession of the property;

and Gene Smith and Christine Smith, or one of them, has had possession of the property at all times since its purchase.

Before his marriage to the appellee, Christine Smith, Gene D. Smith had been married to the appellant, Lucille Bell. Lonnie Smith was the son of Lucille Bell and Gene D. Smith. He was born while they were married.

On October 4, 1973, Lonnie Smith died intestate, without having ever married and without leaving any children surviving him. His father, Gene D. Smith, and his mother, the appellant, Lucille Bell, were his only heirs.

On October 19, 1973, a district court in Tarrant County rendered judgment divorcing Christine Smith from Gene D. Smith. That divorce decree also contained the following provision: "It is therefore ordered, adjudged and decreed by the Court that Petitioner, Christine Walker Smith, shall have and receive as her property and estate any interest which the parties have in the lot, house and improvements at 1001 Springfield, in Fort Worth, Tarrant County, Texas, more specifically described above, and Respondent is ordered to sign a Quit Claim Deed to Petitioner conveying to her any interest which he has or may have in said property."

The property located at 1001 Springfield is the property that is the subject matter of this lawsuit.

The evidence further shows that on August 9, 1973, Gene D. Smith executed Defendant's Ex. 25, which is a quitclaim deed by which he quitclaimed to the appellee, Christine Smith, all of his right, title and interest in and to the land that is involved in this suit. On October 17, 1973, Gene D. Smith executed Plaintiff's Ex. 4 which is a warranty deed purporting to convey to the appellant, Lucille Bell, a ½ interest in the land involved in this suit. Those two exhibits show that they were both acknowledged by the grantor on October 17, 1973, before the same notary. The evidence does not show which instrument was acknowledged

first. The warranty deed was filed for record on November 7, 1973 and the quitclaim deed was not recorded until February 5, 1974. Gene D. Smith testified that he executed the quitclaim deed before he executed the warranty deed to Lucille Bell.

Gene D. Smith further testified that after closing the deal on the purchase of the property involved in October, 1969, that he and his wife, Christine Smith, filed joint income tax returns with the U. S. Internal Revenue Service for the years 1969, 1970, 1971 and 1972. In each of these tax returns Gene D. Smith and wife, Christine Smith, claimed deductions for the annual taxes that they paid on the property involved here and for the part of the monthly payments that they made on the property that was in payment of the interest that had accrued on the lien notes being paid off.

Lucille Bell's contention is that because she was the mother of Lonnie Smith she inherited a ½ interest in the property from him when he died intestate while owning same. If she had any other interest in the property it would have come to her by reason of the October 17, 1973 warranty deed to her from Gene D. Smith, Lonnie's father.

■ It is the general rule that where one person buys land and pays for it with his own funds and takes title in the name of another, a trust results in favor of the person whose money was used in making the purchase. The one furnishing the money is the equitable owner of the land and the named grantee in the deed is a mere trustee and holds the land for the benefit of him who paid the purchase money. A resulting trust for purchase money must arise at the time of passage of title. *Cohrs v. Scott,* 161 Tex. 111, 338 S.W.2d 127 (Tex. Sup., 1960). For many other cases so holding see 57 Tex.Jur.2d 424, Trusts, Sec. 43. And where community funds of a marriage are used to pay for the purchased property and title is taken in the name of a third person, the trust results to the community estate. *First State Bank of Carbon v.*

*Thurman,* 12 S.W.2d 146 (Tex.Comm.App., 1929) and 57 Tex.Jur.2d 431, Trusts, Sec. 46.

■ It is also established that an exception to the above stated general rule exists in instances where the grantee's parent furnishes the purchase money and the title to the land is taken in the name of the child. In such an instance a presumption arises to the effect that the parent intended to make a voluntary advancement or a gift to the child. But this presumption can be rebutted by evidence showing that the purchase was intended for the benefit of the persons who advanced the purchase money and was not intended as a gift to the child. *Shepherd v. White,* 10 Tex. 72 (Tex.Sup., 1853); *Smith v. Strahan,* 16 Tex. 314 (Tex.Sup., 1856); and *Turner v. Dinwiddie,* 276 S.W. 444 (Eastland Civ.App., 1925, no writ hist.).

■ In this case the burden of proof to show that the property involved was held in trust by Lonnie Smith was upon the one claiming the trust, namely, Christine Smith. *Turner v. Dinwiddie,* supra.

From the cases cited it is apparent that one of the controlling issues for the court's determination in this case was whether Gene D. Smith and his wife, Christine Smith, intended at the time the property was purchased and title taken in the name of Lonnie Smith to vest title absolutely in Lonnie Smith, or that he hold such title in trust for them. *Turner v. Dinwiddie,* supra.

■ The evidence in this case that is above set out was sufficient to raise a fact issue for the court's determination on this controlling issue that we have just referred to.

Under the law cited above the trial court's judgment implies that the trial court decided that controlling issue of fact in favor of the appellee, Christine Smith. In other words he decided that Gene D. Smith and wife, Christine Smith, did not intend at the time the property was purchased to vest absolute title in Lonnie Smith by giving it to him and that they intended that Lonnie Smith hold title to such property in trust for them.

Under this reasoning the land in question was the community property of the marriage between Gene D. Smith and Christine Smith by virtue of a resulting trust in their favor. One-half thereof was the property of the appellee, Christine Smith, and the other half belonged to Gene D. Smith. No part of it belonged to Lonnie Smith and his mother therefore inherited no interest in the property from Lonnie Smith when he died. *Elliott v. Mansfield,* 398 S.W.2d 442 (Beaumont Civ.App., 1965, ref., n. r. e.), is additional authority for this conclusion.

*Christine Smith acquired the other ½ interest by virtue of the quitclaim deed from Gene D. Smith*

Gene Smith testified that he executed the quitclaim deed, quitclaiming his interest in the property to Christine Smith before he executed the warranty deed purporting to convey his ½ interest therein to Lucille Bell. The quitclaim deed was dated August 9, 1973, and the warranty deed was dated October 17, 1973.

█ A quitclaim deed is effective to convey to the grantee named therein all of the right, title and interest that the grantor had in the property at the time involved. *Threadgill v. Bickerstaff,* 87 Tex. 520, 29 S.W. 757 (1895), and *Meacham v. Halley,* 103 F.2d 967 (Fifth Circ. Ct. of App., 1939).

█ It is not necessary that a deed be recorded in order to be effective as a conveyance of title. *Lichtenstein v. F & M National Bank of Kaufman,* 372 S.W.2d 716 (Dallas Civ.App., 1963, no writ hist.), and *Thornton v. Rains,* 157 Tex. 65, 299 S.W.2d 287 (1957).

During the trial no direct evidence was offered by either party to prove the date or dates of delivery of either the August 9, 1973 quitclaim deed to Christine Smith or the October 17, 1973 warranty deed to Lucille Bell.

█ The grantee in the quitclaim deed involved here, Christine Smith, had possession of that deed and offered it into evidence as Defendant's Ex. 25 at the time of the trial. Where the evidence shows that the grantee has possession of a duly executed deed, a presumption arises that such deed was delivered by the grantor and accepted by the grantee. *Gonzales v. Adoue,* 94 Tex. 120, 58 S.W. 951 (Tex.Sup., 1900); *Foster v. Cumbie,* 315 S.W.2d 151 (Dallas Civ.App., 1958, ref., n. r. e.), and *Chandler v. Hartt,* 467 S.W.2d 629 (Tyler Civ.App., 1971, ref., n. r. e.).

█ And in the absence of evidence to the contrary, a deed will be presumed to have been delivered at the time of its execution. *Lichtenstein v. F & M National Bank of Kaufman,* 372 S.W.2d 716 (Dallas Civ.App., 1963, no writ hist.), and *Hooks v. Vanderburg,* 328 S.W.2d 467 (Fort Worth Civ.App., 1959, no writ hist.).

█ As has been stated, the quitclaim deed from Gene D. Smith to Christine Smith was dated August 9, 1973, and it was acknowledged by the grantor on October 17, 1973. The law is that in the absence of evidence showing the date of delivery of a deed, where the deed is dated one date and the acknowledgment a different date, it will be presumed that the deed was delivered to grantee on the date of the deed and not·on the date of the acknowledgment thereof. *Popplewell v. City of Mission,* 342 S.W.2d 52 (San Antonio Civ.App., 1960, ref., n. r. e.), and for additional cases see 19 Tex.Jur.2d 382, note 9, Deeds, Sec. 99.

The evidence shows that Lucille Bell recorded her October 17, 1973 warranty deed on November 7, 1973, and that Christine Smith did not record her August 9, 1973 quitclaim deed until February 8, 1974. Lucille Bell contends that because her deed was recorded before that of the appellee Christine Smith that the latter's claim to the property derived under her then unrecorded quitclaim deed was cut off.

We disagree with that contention for the reasons hereinafter stated.

On October 17, 1973, the date of execution of the warranty deed by Gene Smith to Lucille Bell, the appellee, Christine Smith, was in actual possession of the property conveyed by such deed. She was then living in it as her home and continued in possession of it until this case was tried in 1975.

The law is that notice of title given by possession of property is equivalent to the constructive notice that is afforded by the registration of the deed to such property. *Mainwarring v. Templeman,* 51 Tex. 205 (Tex.Sup., 1879), and *Wimberly v. Bailey,* 58 Tex. 222 (Tex.Sup., 1882). In other words, since Lucille Bell's deed was obtained by her at a time when Christine Smith was in actual possession of the property, the said Lucille Bell was not a bona fide purchaser and was charged with notice of all the rights and title of the possessor in and to such property. *Park v. Sweeten,* Tex.Civ.App., 270 S.W.2d 687, aff. in 154 Tex. 266, 276 S.W.2d 794; *Triangle Supply Company v. Fletcher,* 408 S.W.2d 765 (Eastland Civ.App., 1966, ref., n. r. e.); and *Orfic Gasoline Production Co. v. Herring,* 273 S.W. 944 (Waco Civ.App., 1925, no writ hist.).

Following the reasoning we have advanced, under the cases we have cited, the trial court could have correctly theorized or concluded: that by virtue of the trust that resulted from the purchase transaction of October 1, 1969, Gene D. Smith became the owner of a ½ interest in the property involved and that Christine Smith became the owner of the other ½; that on August 9, 1973, Gene D. Smith executed and delivered to Christine Smith a quitclaim deed by which he conveyed all the right, title or interest that he had in such property to the said Christine Smith; by virtue of this quitclaim deed Christine Smith acquired the other ½ interest, making her the owner of all of the property; the October 17, 1973, warranty deed executed by Gene D. Smith conveyed nothing to Lucille Bell, because he owned no interest in the property at the time he executed such deed, he having be-

fore that quitclaimed it to Christine Smith; Lucille Bell acquired no interest in the property by inheritance from her son, Lonnie Smith, because Lonnie Smith was a mere trustee and had never owned an interest in the property.

There is ample evidence in the case to support those theories and we hold that they are valid legal theories upon which the trial court's judgment can be upheld.

The judgment is affirmed.