**Jack N. EDDINS, Appellant,**

v.

**ESTATE OF Robert Lawrence SIEVERS, NCM, Appellee.**

**No. 3–89–048–CV.**

Court of Appeals of Texas, Austin.

May 23, 1990.

Keith Taniguchi, Austin, for appellant.

Claude E. Ducloux, Wood, Lucksinger & Epstein, Austin, for NCNB Texas Nat.

Bank, Guardian of Estate of Robert L. Sievers, NCM.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

Jack N. Eddins appeals the probate court's refusal to establish a limited guardianship for Robert Lawrence Sievers. Tex. Prob.Code Ann. §§ 130A *et seq.* (1980 & Supp.1990). Jerry Frank Jones, Sievers' guardian ad litem, opposed Eddins' application to become Sievers' limited guardian, arguing that Sievers' full guardianship should be continued. The court refused the application for limited guardianship, and Eddins now appeals. Finding no abuse of discretion, we will affirm the judgment of the probate court.

## CONTENTIONS OF THE PARTIES

Eddins' four points of error collectively argue that the probate court erred in denying the application for limited guardianship and in failing to terminate Sievers' full guardianship. The estate of Robert Lawrence Sievers points out that under the clear and convincing evidence standard of proof, the court did not abuse its discretion in denying the application for transformation of the full guardianship into a limited guardianship.

## LIMITED GUARDIANSHIP STANDARD

■ The court may not grant an application to create a limited guardianship unless the applicant proves by clear and convincing evidence each element required by the Probate Code. Tex.Prob.Code Ann. § 130G(c) (Supp.1990). In addition, a limited guardianship will be granted only upon the submission of a satisfactory plan specifying all of the particular powers and duties of the limited guardian. *See* Tex. Prob.Code Ann. § 130H (Supp.1990). The probate court is vested with broad discretion in determining what is in the best interest of the ward; the court's decisions with respect to the type of guardianship and the selection of a particular guardian will not be disturbed absent a clear abuse of discretion. *See Kay v. Sandler,* 704

S.W.2d 430, 433 (Tex.App.1985, writ ref'd n.r.e.); *In re Henson,* 551 S.W.2d 136, 140 (Tex.Civ.App.1977, writ ref'd n.r.e.). The record as a whole will be considered for the abuse of discretion analysis. *See Ramirez v. Garcia de Bretado,* 547 S.W.2d 717, 718 (Tex.Civ.App.1977, no writ).

## DISCUSSION AND HOLDING

■ The record indicates that there was some evidence that Sievers could indeed perform some, but not all, of the tasks necessary to care for himself and his property—a necessary requisite for a limited guardianship. Tex.Prob.Code Ann. § 130H(c). The record, however, also provides ample evidence supporting the continuation of a full guardianship. In addition, the record does not evidence any cogent proposals for a limited guardianship plan offered by Eddins on Sievers' behalf. *See* Tex.Prob.Code Ann. § 130H(d).

Because the record, *viewed as a whole,* supports the probate court's conclusions that the institution of a limited guardianship is not supported by clear and convincing evidence, and that continuation of a full guardianship is in Sievers' best interest, we hold that the court did not abuse its discretion. Accordingly, we overrule Eddins' four points of error.

We affirm the judgment of the probate court.