

# NUMBER 13-07-691-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

## IN RE: HOGAN FAMILY TRUST III AND CHRISTOPHER A. HOGAN

### On Petition for Writ of Mandamus

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Vela**
**Memorandum Opinion by Justice Vela**

Relators, Hogan Family Trust III and Christopher Hogan ("Hogan Family"), file this petition for writ of mandamus complaining of an order denying their motion to transfer venue to Cameron County. We conditionally grant the petition.

I. Background

Ignacio Ruiz, plaintiff in the trial court and real party in interest in this action, filed suit in Hidalgo County against the Hogan Family and Connie Zamora alleging fraud, cloud on title, and slander of title with respect to the transfer of real property located in Cameron County.

The pleadings state that in March 2001, Gregorio Zamora, who is not a defendant in the case below, purportedly conveyed real property in Cameron County to Ruiz by warranty deed. On January 28, 2002, Ruiz purportedly conveyed the property back to Gregorio Zamora by special warranty deed. Ruiz asserts that this particular transaction was fraudulent because he did not convey the property back to Gregorio Zamora. Thereafter, Gregorio Zamora conveyed the property, by warranty deed with vendor's lien, to Christopher Hogan, who transferred the property to the Hogan Family Trust III in 2003. Ruiz's claim with regard to the 2002 transfer is that Connie Zamora, a relative of Gregorio Zamora, fraudulently notarized the deed transferring the property from Ruiz back to Gregorio Zamora.

In 2007, Ruiz filed suit against the Hogan Family and Connie Zamora in Hidalgo County, alleging that the conveyance of the property back to Gregorio Zamora on January 28, 2002, was invalid. Connie Zamora has not answered the lawsuit. Ruiz asserted that venue was proper pursuant to sections 15.002(a) and 15.017 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002 (a), 15.017 (Vernon 2002). Section 15.002(a), a permissive venue provision, establishes venue in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, in the county of the defendant's residence at the time the cause of action accrued, in the county of the defendant's principal place of business or, alternatively, in the

2

county where the plaintiff resided at the time of the accrual of the cause of action.  *Id*. Section 15.017 is a mandatory venue provision in cases involving libel, slander or invasion of privacy.  *Id*.

The Hogan Family specifically denied the venue facts urged by Ruiz.  Thereafter, they filed a motion to transfer venue, arguing that venue was proper in Cameron County pursuant to section 15.011 of the Texas Civil Practices and Remedies Code, a mandatory provision.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (Vernon 2002).  This section requires lawsuits for recovery of real property and to quiet title to real property to be filed in the county where all or part of the property is located.  *Id*.

Ruiz argued at the venue hearing that the suit was not one to determine title to property because title did not pass as the deed given to the Hogan Family by Zamora was forged.  Accordingly, he urges on appeal that section 15.011 does not apply.  The trial court denied the Hogan Family's motion to transfer venue.

## II. Analysis

### A.  Propriety of Granting Extraordinary Relief

Mandamus is available to enforce a mandatory venue provision.  *In re Missouri Pac. R.R.*, 998 S.W.2d 212, 215 (Tex. 1999); *see also In re Momentum Energy Corp.*, No.13-07-00013-CV, 2007 WL 881503 at *2 (Tex. App.–Corpus Christi March 23, 2007, orig. proceeding) (mem. op).  The relator must demonstrate that the trial court abused its discretion, but is not required to show an inadequate remedy by appeal.  *In re Missouri Pac. R.R.* at 215-16.  In mandatory venue actions, the court looks only to whether the trial court clearly abused its discretion in ruling on the motion*.  In re Applied Chemical Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006).

B. Venue Allegations

Ruiz pleaded that venue in Hidalgo County was proper pursuant to sections 15.017 and 15.002(a) of the Texas Civil Practice and Remedies Code. He urged venue pursuant to section 15.002(a)(1), claiming that all or a substantial portion of the actions taken which form the basis of the claim occurred in Hidalgo County. He also urged that Defendant Zamora resides in Hidalgo County, making venue appropriate in that county pursuant to section 15.002(a)(2). Section 15.002 is a permissive statute which will yield to either section 15.007 or 15.011, which are both mandatory venue provisions. *Wichita County v. Hart*, 917 S. W. 2d 779, 781 (Tex. 1996). Mandatory provisions prevail over permissive ones. *See id.* at 781; TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (Vernon 2002).

A court determines the nature of the suit by looking to the rights asserted in the plaintiff's petition and the relief sought. *In re Stroud Oil Properties, Inc.*, 110 S.W.3d 18, 25 (Tex. App.–Waco 2002, orig. proceeding). If it is demonstrated that the court's judgment would have some effect on an interest in realty, then the venue of the suit is properly fixed under the mandatory venue statute. *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.–Houston [1st Dist.] 1982, no writ).

1. Venue pursuant to 15.017

Ruiz urges that venue is mandatory pursuant to section 15.017 because he pleaded a cause of action for slander of title. TEX. CIV. PRAC. & REM. CODE ANN. § 15.017 (Vernon 2002). Section 15.017 provides:

> A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of the defendants, or any of them, or the domicile of any corporate

4

defendant, at the election of the plaintiff.

*Id*.

Ruiz provides no authority and we have found no Texas cases that have applied section 15.017 to slander of title cases. This section has been applied generally to slander, invasion of privacy and defamation cases. *See, e.g., In re Jennings*, 203 S.W.3d 32, 36-7 (Tex. App.–San Antonio 2006, orig. proceeding). Instead, cases relating to slander of title and a cloud on title are tried in the county where the property is located. *See, e.g, A.H. Belo Corp. v. Sanders*, 598 S.W.2d 7, 8-9 (Tex. App.–Texarkana 1980, no writ). Logically, cases involving slander of title to property should be filed in the county where the property is located rather than the county where the plaintiff lives.

Even if we determined that section 15.017 applied to a slander of title claim, Ruiz nevertheless failed to meet his burden. Here, the Hogan Family specifically denied that Ruiz alleged venue facts supporting a claim for slander of title. The burden then shifted to Ruiz to make a prima facie case of slander of title. TEX. R. CIV. P. 87(3)(a); *In re Missouri Pac. R.R.*, 998 S.W.2d at 212. While he is not required to provide proof supporting his claim, he was required to make a prima facie case to support his venue allegations.

In order for a party to recover in an action for slander of title, the party must allege and prove: (1) the uttering and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; and (5) that the plaintiff possessed an estate or interest in the property disparaged. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.–Houston [14th Dist.] 1988, writ ref'd). Loss of a specific sale must also be established. *Clark v. Lewis,* 684 S.W.2d 161, 163-64 (Tex.

5

App.–Corpus Christi 1984, no writ).

Hogan specifically denied that Ruiz alleged venue facts supporting a claim for slander of title. Ruiz failed to address any of the elements of slander of title in his pleadings. Ruiz did not make a prima facie case pursuant to rule 87(3)(a). His pleadings do not seek to recover for any defamatory statements made by any defendant resulting in the loss of a sale of property. Rather, Ruiz's claim is clear. He asserts that his interest in the Cameron County property was transferred without his knowledge and consent. He wants a judgment stating that he is the true owner of the property. Section 15.007 is not applicable and will not support Ruiz's claim that Hidalgo County is a county of proper venue.

2. Venue pursuant to section 15.011

The Hogan Family Trust moved to transfer venue to Cameron County because the property at issue is located in that County. Actions for recovery of real property or an estate or interest in real property, for partition of property, to remove an encumbrance from the title to real property, for recovery of damages to real property, or to quiet title to real property **shall** be brought in the county in which all or a part of the property is located. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon 2002). The statute is clear that the case must be brought in Cameron County if the case is one to quiet title to real property. In *Applied Chemical*, the supreme court stated that section 15.011 includes all actions seeking an "interest in real property." *Applied Chemical*, 206 S.W.3d at 118. The court opined that this suggests a desire on the part of the Legislature to be more inclusive regarding the types of real property suits subject to mandatory venue.

6

Ruiz's suit is, at its core, one to quiet title to real property. His prayer asks that title to the property be cleared. An action to cancel a deed procured by fraud and vest title to the realty in the grantor is a suit to quiet title. *See Byrd v. Guyler*, 310 S.W.2d 747, 749 (Tex. App.–San Antonio 1958, writ dism'd); *Hinojosa v. Hinojosa*, 294 S.W.2d 910, 911 (Tex. Civ. App.–San Antonio 1956, no writ). Likewise, a suit based on a forged quitclaim deed is one to remove cloud on title. *See Fine v. Scott*, 592 S.W.2d 56, 58 (Tex. App.–Eastland 1979, writ ref'd n.r.e.). Here, although the forgery is a factor in the case, the issue the trial court will have to determine is which party should be vested with title. The trial court will have to determine which party has title to the property at issue. As such, the Hogan Family has established that Ruiz's claim falls squarely within the mandatory venue provision set forth in section 15.011.

At the hearing on the motion to transfer venue, Ruiz urged that section 15.011 did not apply because he was not trying to recover land, rather he was merely attempting to invalidate the deed. Ruiz argues that this case is governed by *Lichtenstein v. F&M National Bank of Kaufman*, 372 S.W.2d 716 (Tex. Civ. App.–Dallas 1963, no writ). In that case, the Dallas court said that a suit to set aside a fraudulent transfer brought by a creditor against the judgment debtor to avoid a judgment creditor is not one for recovery of land. *Id*. at 718. In *Lichtenstein*, the judgment creditor did not claim title to the property. Rather, it sought to satisfy its judgment, believing that Lichtenstein had transferred property to defraud its creditors. This case is different. Ruiz admitted that his claim was based on the existence of a forged deed. The action pleaded is an action to cancel a deed purportedly procured by fraud and to vest title in Ruiz. The plaintiff, Ruiz, alleges a right to title to the property. Suits for recovery of land embrace actions wherein a plaintiff alleges a present title. *See*

7

*Ryan Mort. Investors v. Lehmann*, 544 S.W.2d 456 (Tex. Civ. App.–Beaumont 1976, writ dism'd). Here, Ruiz claims title to the property at issue. He is trying to recover land he claims belongs to him.

Because Ruiz's other claims suggest venue pursuant to only permissive sections of the venue statute and do not support venue remaining in Hidalgo County, we conclude that the denial of the transfer of venue is a clear and prejudicial error of law necessitating mandamus relief. *See Applied Chemical*, 206 S.W.3d at 119; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). We conditionally grant the petition for writ of mandamus and direct the trial court to transfer venue to Cameron County. The writ will issue only if the trial court fails to comply.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 13th day of March, 2008.

8