# NO. 12-07-00225-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE GUARDIANSHIP* | § | *APPEAL FROM THE* |
| *OF LUKE FORREST HUMPHREY,* | § | *COUNTY COURT AT LAW NO. 2 OF* |
| *AN INCAPACITATED PERSON* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

JoAnn Bowshot and Patricia Pondoff appeal from orders entered in the guardianship of Luke Forrest Humphrey, an incapacitated person. They raise issues concerning the trial court's jurisdiction, fraud, evidence, acts and omissions of the guardian and the attorney ad litem, and costs. We modify in part and affirm as modified.

## BACKGROUND

Luke Forrest Humphrey has been incapacitated since a January 27, 2005 automobile accident. In April 2005, his father, Landy Humphrey, was appointed temporary guardian and J. Scott Killough was appointed attorney ad litem. Luke's mother, Susan McLendon, and his aunts, Bowshot and Pondoff, opposed Humphrey's appointment as guardian. The parties engaged in a protracted legal battle that included two prior appeals to this court. Humphrey was appointed permanent guardian on May 17, 2007. This appeal ensued.

## JURISDICTION

In their first issue, Appellants assert that jurisdiction was never "properly acquired." In their issue one(b),[1] they assert that the guardianship has been a conspiracy to conceal fraud. Without

---

[1]Appellants' brief does not include an issue one(a).

specific argument, they list ten reasons why jurisdiction fails.

Appellants begin their discussion under these issues with the statement that Luke's rights have been violated, citing to a federal civil rights statute. Appellants have not pointed out the place in the voluminous record where they presented this complaint to the trial court and received an adverse ruling. Because it was not preserved, this complaint is waived. *See* TEX. R. APP. P. 33.1.

Their initial jurisdictional complaint in this issue is that the application for temporary guardianship was defective. We shall assume that they are attempting to raise the same complaint raised in their appeal in 12-07-00118-CV, that the application was defective because it was not verified. As we explained in that opinion, Humphrey amended the application by filing a verification before the trial court entered the order confirming his appointment as temporary guardian. Thus, the application presents no jurisdictional bar. The remaining nine "reasons" are general, vague, and unsupported by argument or authority. Consequently, Appellants have not established that the trial court lacked jurisdiction. *See* TEX. R. APP. P. 38.1(h)C. Moreover, Appellants have included no discussion whatsoever on the fraud allegation. *See **Daniel v. Falcon Interest Realty Corp.**,* 190 S.W.3d 177, 189 (Tex. App.–Houston [1st Dist.] 2005, no pet.). We overrule issues one and one(b).[2]

In their second issue, Appellants contend the trial court abused its discretion when it refused to address the issue of jurisdiction at the final hearing. They assert that the December 4, 2006 amended application for appointment of a guardian and to convert the temporary guardianship to permanent is defective. They claim that the sworn notary's statement attached to the December 4 amended application was merely copied from the November 14 application and is therefore invalid, making the application invalid and resulting in a lack of jurisdiction. In their third issue, Appellants contend the application is fraudulent for the same reason and therefore the trial court erred in allowing it to stand.

On November 14, 2006, Humphrey filed his application for appointment of guardian and to convert temporary guardianship to permanent. It indicates that it was sworn to by a notary on November 10, 2006. On December 4, 2006, Humphrey filed his first amended application which also indicates that it was sworn to by the same notary on November 10, 2006. There is no date

---

[2] We see nothing in the record that causes us to question the trial court's jurisdiction or ours.

2

anywhere on the document other than the file stamp and the handwritten date at issue. However, upon scrutinizing the two documents, it is clear that they are not copies. Although the handwritten words and numbers are the same on each document, the handwriting is not precisely the same. Further, the notary seal is stamped at a slight angle on the first application but not on the second. It seems clear that the date of November 10 on the amended application is merely a typographical error. *See Sanders v. Camp*, 154 S.W.2d 306, 308 (Tex. App.–Amarillo 1941, no writ) (After looking at the language of the plea of privilege as a whole, the court determined the date on the jurat was a typographical error.). As such, it does not invalidate the verification page, jurisdiction is not affected, and it does not constitute fraud.

Appellants also assert that the temporary guardianship was not valid and had expired several times because the guardian had not filed annual reports. Therefore, they contend, the trial court's order appointing Humphrey permanent guardian cannot stand. This argument is without merit. Section 875(*l*) provides that the term of a temporary guardian expires at the conclusion of the hearing challenging the application or on the date a permanent guardian qualifies to serve. TEX. PROB. CODE ANN. § 875(*l*) (Vernon Supp. 2008). Furthermore, the May 4, 2005 order appointing Humphrey temporary guardian provided that the temporary guardianship would be effective until the contest to the appointment of a permanent guardian is resolved. The trial court did not err in refusing to address jurisdiction at the hearing on the application to convert the temporary guardianship to a permanent one. We overrule issues two and three.

In their sixth issue, Appellants contend that Killough, the ad litem, was not properly before the court and the trial court did not establish in personam jurisdiction over Luke. Specifically, they complain that Killough did not file an answer on behalf of Luke so there was no justiciable controversy. They argue that the entire guardianship was based on a hypothetical controversy.

The record does not support their contentions. By order of April 18, 2005, the trial court appointed Killough both attorney ad litem and guardian ad litem to represent Luke's interests. Killough appeared in person on Luke's behalf at the hearing on April 26, 2005 and filed an original answer on behalf of Luke on May 4, 2005. Furthermore, guardianships do not require a controversy. Guardians are appointed when, as in this case, an individual is incapacitated and unable to provide for himself, "as necessary to promote and protect the well-being of the person." *See* TEX. PROB. CODE ANN. § 602 (Vernon 2003). Killough was properly before the court and the court had in

personam jurisdiction over Luke. We overrule Appellants' sixth issue.

## EVIDENCE

In their issue three(a), Appellants contend the trial court abused its discretion and the ad litem failed in his duty by not verifying affidavits attached to and information contained in doctors' reports submitted by Humphrey. They assert that the dates on three affidavits were changed illegally in a deliberate attempt to deceive the court and tamper with evidence. When offered into evidence, Appellants had no objections to these exhibits. Appellants did not present these complaints to the trial court. Because they were not preserved, these complaints have been waived. *See* TEX. R. APP. P. 33.1. We overrule issue three(a).

## ABUSE AND NEGLECT OF THE WARD

In their fourth issue, Appellants assert that the trial court abused its discretion by ignoring the abuse and neglect of the ward. They recite some specific instances of acts they consider abuse and neglect.

The probate court is vested with broad discretion in determining what is in the best interest of the ward. *Eddins v. Estate of Sievers*, 789 S.W.2d 706, 707 (Tex. App.–Austin 1990, no writ). The test for abuse of discretion is not whether in the opinion of the reviewing court the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The reviewing court is to consider the record as a whole in an abuse of discretion analysis. *See Eddins*, 789 S.W.2d at 707.

If an appellant requests a partial reporter's record, she must include in the request a statement of the issues to be presented on appeal and will then be limited to those issues. TEX. R. APP. P. 34.6(c)(1). If the appellant complies with Rule 34.6(c)(1), we must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. TEX. R. APP. P. 34.6(c)(4); *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.–Houston [14th Dist.] 2005, no pet.). On the other hand, if an appellant appeals with a partial reporter's record but fails to comply with Rule 34.6(c)(1), the

4

appellate court must presume that the omitted portions are relevant and support the trial court's judgment. *See Mason*, 154 S.W.3d at 819.

Here, because they were unable to afford to pay for the full record, Appellants requested the court reporter to prepare only excerpts of the reporter's record and portions of the exhibits to be filed in the appellate court. Appellants claim they complied with the rule's requirement that they file a statement of the issues to be presented on appeal. They refer to a document entitled "Contestants Proposed Statement of Points to be Considered in Findings of Fact and Conclusions of Law." This document was filed in the trial court, addressed to the "Honorable Judge of Said Court." The first paragraph identifies the document as "their version of findings of fact and conclusions of law per the court's request at the final hearing on the Guardianship of Luke Forrest Humphrey, an incapacitated person." The document appears to contain complaints about the case, similar to those in their appellate brief. It does not contain requested findings of fact and conclusions of law. This is not the document envisioned by Rule 34.6(c). The Rule 34.6(c)(1) statement of issues to be presented on appeal is a statement, not argument, and is to be included in the request for the reporter's record that is sent to the court reporter. TEX. R. APP. P. 34.6(c)(1). Accordingly, Appellants appeal with a partial record but have not complied with Rule 34.6(c)(1). Consequently, we must presume that the omitted portions of the record are relevant and support the trial court's judgment. *See Mason*, 154 S.W.3d at 819. We overrule Appellants' issue four.

## ATTORNEY AD LITEM

In their fifth issue, Appellants assert that Killough tried to be both an advocate and an arm of the court. They argue that "[v]iolations of both the law and the Constitution apply to this particular case. Fundamental rights guaranteed by the Constitution have been violated by the lower courts and this Ad Litem." As they provide no other argument or discussion under this issue, it is waived. *See* TEX. R. APP. P. 38.1(h); *Daniel*, 190 S.W.3d at 189. We overrule issue five.

In their issue six(a), Appellants contend that Killough did not effectively represent his client and his actions did not reflect reasonable professional judgment regarding the development of evidence of the qualifications and abilities of Humphrey as guardian. They assert that Luke was denied due process and effective assistance of counsel.

Appellants do not state precisely the relief they believe themselves entitled to due to the ad

litem's actions. In their prayer, they ask this court to take "appropriate disciplinary action." Appellants could have moved for the ad litem's removal in the trial court. *See* **Coleson v. Bethan**, 931 S.W.2d 706, 712 (Tex. App.–Fort Worth 1996, no writ) (Any party may file a sworn motion challenging the attorney ad litem's authority to act on behalf of the client.). However, Appellants have not indicated where in the record they presented this issue to the trial court. In our review of the record, we were unable to locate such an argument or motion complaining that the attorney ad litem was providing ineffective assistance to the ward and requesting the trial court to take any action to address that complaint. Accordingly, this issue has not been preserved. TEX. R. APP. P. 33.1. We overrule Appellants' issue six(a).

### ASSESSMENT OF COSTS

In their eighth issue, Appellants contend that the trial court erred in assessing ad litem fees and expenses against them. We agree.

The final sentence of the trial court's May 17, 2007 order appointing the permanent guardian orders all costs taxed against Appellants, jointly and severally. About a week after that order was signed, Killough filed an application for payment of his fees and expenses, less credit for payments received, in the total amount of $94,856.86. He requested payment by Smith County but offered to assign any right he has to collect from Appellants to Smith County. On July 13, 2007, the trial court ordered Smith County to pay Killough the $2,000.00 deposit for security for costs previously paid into the registry of the court. It also ordered Smith County to pay Killough attorney ad litem fees and expenses in the amount of $92,856.86, "which are hereby taxed as costs against Contestants, Jo Ann Bowshot and Patricia Pondoff, jointly and severally." Finally, the court ordered Killough to assign to Smith County all right, title, and interest that he may have against Appellants arising from or created by the order.[3] The portion of the record filed in this court is silent as to the trial court's reasons for assessing costs against Appellants.

Section 665A of the probate code provides that payment of a fee set by the court as compensation to the attorneys appointed in a guardianship is to be taxed as costs in the case. TEX.

---

[3] The notice of appeal filed by Appellants preceded the July 13, 2007 order by about six weeks. The order assessing costs is in the nature of a modification of the May 17, 2007 order in which the trial court taxed costs against Appellants. We therefore treat the appeal as from the July 13, 2007 order. *See* TEX. R. APP. P. 27.3.

PROB. CODE ANN. § 665A (Vernon Supp. 2008). It further provides that if the proposed ward is unable to pay for the attorney's services, the county is responsible for the cost of those services. *Id*. Therefore, the trial court erred in assessing costs against Appellants. The portion of the order providing that Killough must assign to Smith County all right, title, and interest he may have against Appellants arising from that order is void. We sustain Appellants' eighth issue.

In their seventh and ninth through thirteenth issues, Appellants complain that they did not receive due process regarding the assessment of costs and they present various arguments assailing the amount of costs they were ordered to pay. Due to our disposition of issue eight, we overrule as moot issues seven and nine through thirteen.

### DISPOSITION

We *modify* the May17, 2007 order by *deleting* the portion taxing all costs against JoAnn Bowshot and Patricia Pondoff. As *modified*, we *affirm* the May 17, 2007 order appointing permanent guardian.

We *modify* the July 13, 2007 order by *deleting* the portion taxing costs against JoAnn Bowshot and Patricia Pondoff and by *deleting* the portion ordering J. Scott Killough, P.C. to assign to Smith County all right, title, and interest it may have against JoAnn Bowshot and Patricia Pondoff. As *modified*, we *affirm* the July 13, 2007 order authorizing payment of attorney ad litem fees and expenses.

All pending motions in this cause, 12-07-00225-CV, are overruled as moot.


    **JAMES T. WORTHEN**
    Chief Justice


Opinion delivered February 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


7