**REDNICK v. MESSIMER et al.**

No. 11434.

Court of Civil Appeals of Texas.
San Antonio.

July 26, 1944.

Perkins & Floyd, of Alice, for appellant.

Lloyd & Lloyd, of Alice, and Bobbitt, Heck, Street, Fowlkes & Quintanilla, of San Antonio, for appellee.

NORVELL, Justice.

This is a slander case. Maurice Rednick has appealed from a judgment for $500 rendered against him and in favor of Mrs. Bess Messimer. The controlling question presented is whether or not the statements made by Rednick concerning Mrs. Messimer were slanderous per se. The trial court took the view that they were, and so instructed the jury.

Appellee's contention is that she was charged by Rednick with the crime of theft, which is defined by the Penal Code as follows:

"'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Art. 1410 Vernon's Ann.Penal Code.

Rednick operated the Alice Cold Storage Locker Plant in Alice, Texas. O. C. Newton rented a locker from him and placed some meats therein. Newton and his wife made inquiry of Rednick as to what had become of some of the meat which they had placed in their locker.

According to Mrs. Newton: "Mr. Rednick said that there had been ladies getting meat out of the locker, and we asked him who, and he said, 'the lady who works at Tidwell and Zellners' (Mrs. Messimer), and I said, 'I hardly know Mrs. Messimer,' and he said, 'nevertheless it was Mrs. Messimer' and she was getting the meat for me (Mrs. Newton). I said that I was sorry and she had not been getting any meat for me, and he said, 'I will gladly face her with it.'"

Mr. O. C. Newton's version of the conversation with Rednick was as follows: "* * * I said that there was a lot of meat missing from there, and he said there had been a lot of people coming and getting meat out of my box, and I asked him who the people were and he called over my wife's sister who had been up there a couple of times. We had sent her up there. And he called off Mrs. Messimer as having gone up there and getting meat out."

Mr. Rednick testified as follows: "In a few minutes, he (Mr. Newton) and his wife came in and I told her. 'I told your husband that you had been sending people in to get meat for you,' and she said, 'what women?' And I said, 'I cannot definitely

'recall,' and I started in thinking and I did mention Mrs. Messimer as being one of the women that she had sent down there to get the meat for her, and that was the end of the conversation."

It appears that Mr. Newton's daughter and his sister-in-law had taken meat from his box, but that Mrs. Messimer had not. As to the reason he had mentioned Mrs. Messimer's name, Rednick testified that: "I had her confused more or less with this woman that is in the shop now. I can not think of her name but (she is) Mr. Wellborn's sister. She was in there a few times, but I found out later that she was in there to get meat for somebody else and not for Mrs. Newton."

In holding that the evidence showed conclusively as a matter of law that Rednick had accused Mrs. Messimer of theft and had used words which were slanderous per se, the trial court gave the following instruction to the jury, viz.: "You are instructed (that) the statement made by the defendant (Rednick) to Mr. and Mrs. O. C. Newton, that 'Yes, Mrs. Messimer has been getting your meat,' on the occasion and as shown by the evidence is slanderous in itself."

◼ If we consider the words attributed to Rednick and quoted in the court's charge, it is apparent that such words are in themselves insufficient to charge the crime of theft, one of the elements of which is the intent to appropriate property to the use or benefit of the person taking it. While it is not necessary that the words used meet the standards of certainty required by an indictment in order to be slanderous per se, the essential elements of a crime must be included within the fair meaning of the words spoken. The crime of theft is not charged by stating that one person took possession of property owned by another. Such a statement may of course be actionable under the explanations of an innuendo, but it is not actionable per se. Montgomery Ward Co. v. Peaster, Tex. Civ.App., 178 S.W.2d 302.

◼◼ The trial court's instruction made use of the phrase, "on the occasion and as shown by the evidence." We have hereinabove set out the evidence of the three persons who were the only ones present upon the "occasion." Clearly, under Rednick's version of the conversation he did not charge Mrs. Messimer with the theft of meat. The determination of what was actually said and done upon the occasion was a matter for the jury. The charge prevented the jury from passing upon this matter and was consequently erroneous. 27 Tex.Jur. 613, § 16.

The judgment of the trial court is reversed and the cause remanded for new trial.