Clarice Maxine McGaraugh **EDWARDS** et vir, Appellants,

v.

**IDEAL FOOD STORES,** a Division of Allied Super Markets, Inc., et al., Appellees.

No. 8392.

Court of Civil Appeals of Texas, Amarillo.

Sept. 24, 1973.

---

**344**

Lemon, Close, Atkinson & Shearer (G. R. Close), Perryton, for appellants.

Underwood, Wilson, Sutton, Heare & Berry (H. C. Pipkin), Amarillo, for appellees.

ROBINSON, Justice.

This is a slander case which arose out of alleged defamatory statements made about the plaintiff-appellant Mrs. Edwards by defendant-appellees in and around the Ideal Food Store of Perryton, Texas. The original suit was brought complaining of slander and false imprisonment. The false imprisonment claim has been abandoned on appeal. The case was tried before a jury on special issues, and a judgment was ren-dered on the verdict that the plaintiffs take nothing of the defendants. Affirmed.

The evidence shows that the appellant Mrs. Edwards was shopping for groceries in the appellee Ideal Food Store on April 5, 1972. Appellant had been a regular customer of the store for a number of years. While the appellant was shopping, the manager of the store, appellee Henry Cornelsen, gained the mistaken impression that she had a carton of cigarettes in her possession and intended to leave the store without paying for them. Cornelsen indicated his impression to assistant manager Tony Sintas, who then observed Mrs. Edwards at the checkout stand. Sintas saw no cigarettes among Mrs. Edwards' groceries. After Mrs. Edwards left the store, he learned from the checker that there had been no cigarettes checked out. Sintas followed Mrs. Edwards into the parking lot where part of the alleged slander occurred. There is conflicting evidence concerning what was said in the parking lot by Sintas and who actually heard his words. It is undisputed that Sintas either requested or demanded that Mrs. Edwards return to the store to clear up the matter with Henry Cornelsen. Mrs. Edwards and Sintas went back inside the store and conferred with Mr. Cornelsen about the cigarettes. Mrs. Edwards apparently convinced Mr. Cornelsen of her innocence, whereupon Mr. Cornelsen said something to the effect of, "Let's just forget it." Mrs. Edwards left the store and returned to her car. She testified that she suffered extensive embarrassment as a result of the words, which manifested itself in physical discomfort and suffering.

Appellants assert in their first point of error that the words spoken on the parking lot were slanderous per se, and accused appellant of a crime, and that the trial court erred in failing to disregard the jury's answer to special issue 1(c) and render judgment for appellees or in failing to grant appellees' motion for new trial.

In answer to Special Issue No. 1(a) the jury declined to find that the words spoken

inside the grocery store were in reasonable probability heard by customers other than Mrs. Edwards. Appellants do not complain of this finding.

In answer to Special Issue No. 1(b) the jury found that the words spoken on the parking lot were in reasonable probability heard by persons other than Mrs. Edwards. No issue was submitted inquiring as to the actual words spoken on the parking lot. Appellants neither requested such an issue nor objected to the charge as submitted to the jury.

Special Issue No. 1(c) was submitted and answered as follows:

"(c) Do you find from a preponderance of the evidence that an ordinary and average person hearing such words would have understood them to mean that Mrs. Edwards was being actually accused of taking the cigarettes in question with the intention on her part of not paying for them?

"Answer 'we do' or 'we do not.'

"ANSWER: *We do not*

"In answering Subdivision (c) above, you are instructed to consider only the actual words, if any, used by Henry Cornelsen or Tony Sintas or Tony Overton, or either of them in the light of the circumstances then visible and known to the customers other than Mrs. Edwards.

"You are further instructed that in answering Subdivision (c), you will not consider or give any weight or be affected by actual words, if any, spoken by any of said persons outside of the probable hearing of customers other than Mrs. Edwards in Idaal (sic) Food Store or outside the probable hearing of persons on the parking lot, or any other words, if any, thereafter spoken by either Mr. and Mrs. Edwards to each other or members of their family or to Henry Cornelsen or Tony Sintas."

■ To charge a person with or impute to him the commission of any crime for which punishment by imprisonment in jail or the penitentiary may be imposed is slanderous per se. Christy v. Stauffer Publications, Inc., 437 S.W.2d 814 (Tex.1969).

Shoplifting is defined in Article 1436e of the Vernon's Texas Penal Code as follows:

"Section 1. Any person while legally in a retail business establishment as an invitee or licensee who removes from its place, goods, edible meat or other corporeal personal property of any kind or character kept, stored or displayed for sale with the intent to fraudulently take and to deprive the owner of the value of the same and to appropriate the same to the use and benefit of the person taking is guilty of shoplifting."

Appellants contend that Tony Sintas accused Mrs. Edwards of the crime of shoplifting.

■ We cannot say, as a matter of law, that the words spoken on the parking lot by Tony Sintas accused Mrs. Edwards of a crime. Tony Sintas testified that he asked her only if " . . . by any chance she may have forgotten to pay for a carton of cigarettes." He testified that he said, "Mr. Cornelsen seems to think you may have," and that he also said, "Would you mind coming back in the store and clearing it up with him?" The sack boy, Tony Overton, testified that the only words he heard Sintas say were those asking Overton if there were any cigarettes in Mrs. Edwards' groceries and those requesting Mrs. Edwards to go back into the store with him.

It was within the province of the jury to accept this version of the conversation. Rednick v. Messimer, 181 S.W.2d 1014 (Tex.Civ.App.—San Antonio 1944, no writ). Further, the record is inconclusive as to what portions of the words spoken were heard by persons other than Mrs. Edwards.

The language testified to by Tony Sintas is not conclusively nondefamatory. It is at least capable of two meanings and is sub-

ject to construction in the light of the circumstances at the time it was said.

The case of Skillern v. Brookshire, 58 S.W.2d 544 (Tex.Civ.App.—Beaumont 1933, no writ), held that where words were capable of two meanings,

" . . . they may or may not be actionable per se, according to the sense in which they were understood by those who heard them, which is generally a jury question; the test is what construction would be placed upon the language by the average person or the general public, and not the construction placed upon it by the plaintiff."

The determination of what was said on the parking lot and the manner in which it was said, as well as the construction which would be placed on such language by the average person under the circumstances, was a matter for the jury. The trial judge properly refused to disregard the jury's answer to Special Issue No. 1(c).

Appellants assert in their second point of error that since the jury found that Tony Sintas acted with malice when the slanderous words were spoken on the parking lot in the presence of appellant, the sack boy and others, that the trial court erred in failing to enter judgment in favor of appellants or granting appellants' motion for new trial.

This point arises by virtue of the jury's answer to Special Issue No. 4, which reads as follows:

"What sum of money, if any, do you find from a preponderance of the evidence should be awarded against the defendants by way of exemplary damages herein?

"Answer in dollars and cents or 'none.'"

\* \* \* \* \* \*

"Answer: *$3,000.00*"

Accompanying this special issue were definitions as follows:

"'EXEMPLARY DAMAGES' are damages which are assessed against a party where such party has acted with malice and which damages are assessed against such party for the purpose of punishing such party and also for the purpose of setting a wholesome example, if any, to others.

"The word 'MALICE' heretofore used means a willful or wanton act or gross indifference of the rights of others and means an act done with the specific intention to injur (sic) the person that was injured or acts done with such utter recklessness as to indicate a disregard of consequences."

Appellants contend that the conditional privilege to accuse appellant of a crime in the presence of other employees, although necessary in the line of duty to apprehend and prevent shoplifting, is lost if actuated by malice and further contend that the jury finding of exemplary damages in answer to Special Issue No. 4 constitutes a finding of malice.

Even if we conclude that the answer to Issue 4 is an implied finding of malice, there is no jury finding that slanderous words were made or published. On the contrary, the jury answered that they did not find that the words in question would be understood by ordinary persons to mean that Mrs. Edwards was actually being accused of a crime. Therefore, the answer to Special Issue No. 4 is immaterial.

Appellees assert by cross-point that the trial court should have granted Defendants' Motion for Judgment Non Obstante Veredicto and to disregard the jury's answer to Special Issue No. 4 on the ground that there was no competent evidence of any malice on the part of defendants to support the answer of the jury thereto. Since Special Issue No. 4 is held to be immaterial, we need not reach the evidentiary question raised by appellees' cross-point.

We hold that the trial court was correct in entering judgment for appellees based

on the jury's answer to Special Issue 1(c). The record does not reveal an abuse of discretion by the trial court in overruling plaintiffs' motion for new trial. Motions for new trial are addressed to the discretion of the trial court. Orders overruling motions for new trial will not be reversed unless it appears that the trial court abused its discretion. Hall v. Great National Lloyds, 154 Tex. 200, 275 S.W.2d 88 (1955).

We hold, therefore, that the trial court was correct in rendering judgment for appellees and in overruling appellants' motion for new trial. The judgment is affirmed.