Duane PERKINS, Individually and as Independent Executor of the Estate of Lucille M. Damme, Deceased, et al., Appellant,

v.

William H. DAMME, et al., Appellees.

No. 13–88–250–CV.

Court of Appeals of Texas, Corpus Christi.

July 7, 1989.

Rehearing Denied Aug. 31, 1989.

Wm. C. Church, Jr., San Antonio, Steven J. Clausen, Houston, for appellant.

R. L. Mays, Jr., San Antonio, for appellees.

Before DORSEY, UTTER, and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

The McAllen State Bank, as independent executor of the Estate of H.H. Damme, Deceased, originally filed an application for construction of H.H. Damme's last will and testament in the Hidalgo County Court at Law. In response to the application, appellees, the Damme heirs, submitted an answer which included a request for declaratory judgment as to the will construction. Appellees then filed a motion for summary judgment regarding the same issue, which the trial court granted. Appellants, the heirs of H.H. Damme's deceased wife, Lucille, now complain of the court's judgment by two points of error. We affirm.

H.H. Damme died leaving a valid will, which was admitted to probate in Hidalgo County. The will appointed his widow, Lucille Damme, independent executrix, and McAllen State Bank as alternate. On February 3, 1985, Lucille Damme died and McAllen State Bank succeeded her as executor of H.H. Damme's estate.

Immediately prior to his death, H.H. Damme owned substantial properties, consisting primarily of land, securities, and crops in storage. A large amount of the land, located in Kansas, Missouri, Iowa, Oklahoma, and Nebraska was held by H.H. Damme in joint tenancy with right of survivorship with his two brothers, William and Theodore.

In his will, H.H. Damme devised to his wife a life estate in all his property. He devised the remainder of his estate as follows:

All properties, real, personal or mixed, which I have in the State of Kansas, and all real estate which I may own and have an interest in other than in the State of Texas, I will, devise, and bequeath to my brothers, WILLIAM DAMME and THEODORE DAMME. *A like amount in value as is fixed by the estate tax valuations on my estate* I will, devise and bequeath as follows: One-half to my wife's brothers, DUANE A. PERKINS and PERCY F. PERKINS and the remaining one-half to her five nieces and nephews, MRS. KEN DECKER, MISS LUCILLE PERKINS, MRS. WILSON HUNT, JR., MRS. DAVE CLUGY and PAT PERKINS, share and share alike.

All the remainder I will, devise and bequeath as follows: One-half to my brothers, WILLIAM DAMME and THEODORE DAMME, share and share alike, and the remaining One-half to my wife's five nieces and nephews, MRS. KEN DECKER, MRS. LUCILLE PERKINS, MRS. WILSON PERKINS, share and share alike.

In its original application, McAllen State Bank asked the trial court to construe and assess H.H. Damme's "like amount in value" bequest to appellants. The central issue was and still is whether, as alleged in appellees' motion for summary judgment, this "like amount in value" excludes the decedent's properties that passed not by his will, but by the joint tenancy with right of survivorship. The trial court found by its summary judgment that the "like amount in value" did not include the value of the properties held in joint tenancy, and further found that the value they received through the will, as based on H.H. Damme's estate tax return, equalled $166,433.33, or a net amount of $121,222.24 after deducting a credit for death taxes paid by William and Theodore Damme.

Appellants contend by their first point that the trial court erroneously excluded the properties held in joint tenancy in assessing the "like amount in value" bequest. They specifically urge that such exclusion is inconsistent with the true intent of the testator as suggested by the circumstances surrounding the execution of his will.

■ When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592–93 (Tex. 1975). The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter

of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); Tex.R.Civ.P. 166a(c).

▇ It is well settled that where the terms of a will are clear and unambiguous, a court, in construing that will, may look only to the four corners of the instrument and may not consider external evidence of the testator's intent. *Henderson v. Parker*, 728 S.W.2d 768, 770 (Tex.1987). Here, the "like amount in value" bequeathed to appellants is equal to the value of that property willed, devised, and bequeathed to his brothers. Property held by agreement in joint tenancy with right of survivorship cannot be passed by the will of the deceased joint tenant; it passes automatically to the survivors at the time of death. *Sheffield v. Estate of Dozier*, 643 S.W.2d 197, 198 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); Tex.Prob.Code Ann. § 46 (Vernon Supp.1989).

▇ Although the joint tenancy deeds, as appellants point out, were not actually recorded until after the testator's death, they were in fact duly executed some 30 years prior to death. It is not necessary that a deed be recorded in order to be an effective conveyance of title. *Thornton v. Rains*, 157 Tex. 65, 299 S.W.2d 287, 288 (1957); *Bell v. Smith*, 532 S.W.2d 680, 685 (Tex. Civ.App.—Fort Worth 1976, no writ).

▇ Since the property held in joint tenancy passed to Theodore and William Damme at the moment of the testator's death by virtue of the survivorship provision of the deeds, it did not pass by his will. Thus, the trial court properly found that the value of that property must as a matter of law be excluded from the assessment of the "like amount in value" bequest. Point of error number one is overruled.

Appellants argue by their second point that the $166,433.33 figure arrived at by the trial court as representing the gross value of the "like amount in value" bequest is erroneous on two grounds: 1) there is no evidence to support the finding, and 2) Lucille Damme could not bind the estate or remaindermen in fixing the values.

In their motion for partial summary judgment, appellees alleged the gross amount that passed under the will to them to be $166,433.33, and offered for proof exhibits attached to the brief accompanying their motion: a copy of the decedent's estate tax return and a settlement agreement entered into between Lucille M. Damme, and Theodore and William Damme establishing the value taken by Theodore and William under the decedent's will. Appellees also alleged in their motion that the amount received through the will of decedent should be reduced by the estate taxes they paid on the devise in the sum of $45,211.09. The evidence to support the contention is described in the motion as an affidavit of William Damme attached to their brief in support of their motion for summary judgment. Those exhibits, constituting the summary judgment evidence, were made a part of the transcript from the county clerk of Hidalgo County.

In their response to appellee's motion for partial summary judgment, appellants attacked the amount sought by appellees in their "like amount" computation on two grounds only: 1) that value of the out-of-state property subject to joint tenancy with right of survivorship should be included in determining the "like amount" value as a matter of law; and 2) that the agreement between Lucille Damme and William and Theodore has no effect on the setting of value for various reasons. No fact question was raised concerning the computation by appellees from the estate tax return or the amount of a credit for estate taxes paid.

▇ In determining whether a summary judgment should be granted, the burden is placed on the movant to show affirmatively his entitlement and that burden never shifts to the non-movant. *Jones*, 710 S.W.2d at 60. However, the one opposing the motion for summary judgment must point out to the court why the movant is not entitled to the judgment because disputed material facts exist or other reasons that would make the judgment improper. On appeal the non-movant is limited to those matters raised in the trial court by his response to the motion. *City of Hous-*

*ton v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

In the instant case, no issue is raised here or was raised below that a material fact issue exists as to the amount of value of the property that passed to William and Theodore under the will once the dispute is resolved that certain property passing by virtue of the joint tenancy deeds is not to be included in the valuation of property passing by the will.

■ Appellants in their second point of error claim that there is no evidence of valuation to support the summary judgment. However, no such complaint was made below. Grounds that would defeat a summary judgment, or preclude its being granted, may not be urged for the first time on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678–79. We will not examine the adequacy of the evidence supporting the summary judgment when no such challenge was made below.

The second prong of appellants' second point of error is that the settlement agreement between Lucille Damme and Theodore and William is not competent evidence of value to support the summary judgment. We do not find the issue of the effect of the settlement agreement to be dispositive, as appellees' motion for partial summary judgment relied on the decedent's estate tax return referenced as an exhibit, as well as the settlement agreement to establish the value of the property taken by William and Theodore under decedent's will. As the value was established without challenge by the estate tax return, we decline to address the effect of the settlement agreement to set the value. The second point of error is overruled.

The judgment of the trial court is AFFIRMED.