**Erna Mae BURRIS, Appellant,**

v.

**Shannon Dan McDOUGALD, Appellee.**

No. 13–91–303–CV.

Court of Appeals of Texas, Corpus Christi.

June 4, 1992.

Vaughn L. Westheimer, Markey, Hughes & Steiner, Corpus Christi, for appellant.

John R. Haas, Terry Shamsie, Corpus Christi, for appellee.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Before NYE, C.J., and SEERDEN and BISSETT [1], JJ.

## OPINION

SEERDEN, Justice.

This is a trespass to try title suit. Trial was to the court. The judgment ordered that the parties were tenants in common of the disputed property. The trial court made findings of fact and conclusions of law. By a single point of error, appellant contends that the trial court erred in declaring her to be a tenant in common with appellee and that the facts found by the trial court entitled her to judgment declaring her the owner of the entire property as a matter of law. We agree and reverse the judgment of the trial court.

Shannon McDougald, grandson of Winnie Elizabeth Stone, brought suit against Erna Mae Burris, daughter of Winnie Elizabeth Stone, claiming ownership in the property, basing his position on adverse possession and delay in recording appellant's deed. Appellant Burris filed a counterclaim based on the fact that she had a deed to the property. The trial court found that on September 21, 1951, a valid deed was executed and delivered to appellant and another person whose interest was subsequently conveyed to appellant, and this deed was not recorded until 1985. It further found that Winnie Elizabeth Stone, the grantor in the 1951 deed, died in the 1970's, with a will that left all of her estate to her son, appellee's father, and that the occupancy of the land by Winnie Elizabeth Stone was not hostile to or inconsistent with the claim of appellant. Neither appellee nor anyone under whom he claimed was a creditor or good faith purchaser.

In its conclusions of law, the trial court first concluded that the appellee had not acquired title to the property by adverse possession. Secondly, the trial court concluded that the equities in this case—the long delay in recording the deed, and the use of the property by appellee and the persons under whom he claims title—justi-

Gov't Code Ann. § 74.003 (Vernon 1988).

fy making Erna Mae Burris and Shannon Dan McDougald tenants in common.

By her single point of error, appellant contends that she is entitled to be declared the sole owner, in fee simple, of the property in dispute because the trial court properly found that she had a valid deed to that property, delay in recording the deed does not affect the title and there was no adverse possession. Appellee argues for affirmance on the theory that the execution of a deed does not estop an individual from seeking equitable relief.

The issue before us is whether appellee's claim of equity can defeat appellant's title. The trial court found that legal title was established in appellant by the deed delivered to her in 1951. Appellee first sought to defeat legal title through adverse possession. The trial court found that appellee had not established title through adverse possession. To establish title by adverse possession, a party must show possession, use, a hostile claim, exclusive domination, and appropriation for the statutory period. *Pierce v. Gillespie,* 761 S.W.2d 390, 396 (Tex.App.—Corpus Christi 1988, no writ). The evidence at trial showed that Winnie Stone's occupancy of the land was not hostile. In failing to show hostile possession, appellee failed to establish a vital element of his cause of action, and we agree with the trial court that appellee cannot claim title through adverse possession.

Appellee next sought to establish an interest in the land through the length of time between receipt of the deed by appellant and the time that she recorded the deed. Appellee argues that the lapse of time in appellant's recording of the deed supports the trial court's judgment. In Texas the recording of a deed is not essential to an effective conveyance of title. *Thorton v. Rains,* 299 S.W.2d 287, 288 (Tex.1957); *Perkins v. Damme,* 774 S.W.2d 765, 767 (Tex.App.—Corpus Christi 1989, writ denied); *Bell v. Smith,* 532 S.W.2d 680, 685 (Tex.Civ.App.—Fort Worth 1976, no writ) (citing *Lichtenstein v. F & M National Bank,* 372 S.W.2d 716 (Tex.Civ. App.—Dallas 1963, no writ), and *Thorton*

*v. Rains,* 299 S.W.2d 287 (1957)). An unrecorded conveyance is binding on the parties to the instrument, the parties' heirs, and all of those who have knowledge of the conveyance. Tex.Prop.Code Ann. § 13.001(b) (Vernon 1984). The law requires the recording of title to land for the protection of innocent purchasers and creditors. *Ford v. Wallace,* 283 S.W. 934, 935 (Tex.Civ.App.— Fort Worth 1926, writ ref'd). Appellee here was neither an interested purchaser or a creditor entitled to notice under the statute. The delay in recording the deed is not a reason to divest appellant of her ownership in the property.

Winnie Elizabeth Stone transferred title to appellant in 1951. The evidence conclusively established that since 1951 appellant has retained title in the property. Therefore, we find that the trial court erred as a matter of law in attempting to divest Erna Mae Burris of title. There was no evidence presented to show that Shannon McDougald had an ownership interest in the property. Appellant's point of error is sustained.

We reverse the judgment of the trial court and render judgment for the appellant.