Betty GRAY, Appellant,

v.

HEB FOOD STORE # 4, Appellee.

No. 13–96–099–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 23, 1997.

Rehearing Overruled Feb. 20, 1997.

Peter Steiner, Markey, Hughes & Steiner, Corpus Christi, for appellant.

Mark A. Giltner, Shelton, Lotz & Valadez, Wallace B. Jefferson, Stephen E. McCleery, Crofts, Callaway & Jefferson, San Antonio, for appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

**OPINION**

SEERDEN, Chief Justice.

Appellant, Betty Gray, appeals from a summary judgment rendered in favor of appellee, HEB Food Store # 4. In a single point of error, appellant complains that the trial court erred in granting summary judgment. We affirm in part, and reverse and remand in part.

On November 14, 1994, Betty Gray was grocery shopping at appellee's store. Upon completing her shopping, she went to pay for her groceries at a check-out operated by HEB checker Esmi Cantu. As this occurred, Yvette Rodriguez, an assistant service manager, approached the check-out counter and made several statements direct-ed to Cantu and appellant. Gray alleged that Rodriguez asked Cantu, "What are you giving this lady free?" Gray further alleged that Rodriguez then turned to Gray and asked Gray, "Ma'am, what are you getting free today?" According to Gray, Rodriguez repeated these questions several times.

Based on these statements, appellant brought a suit against appellee alleging slander and mental anguish. Additionally, Billy Gray, Ms. Gray's husband, claimed damages for loss of consortium. Appellee moved for summary judgment on the grounds that (1) Rodriguez's statements do not constitute slander *per se,* (2) Rodriguez's statements were privileged, and (3) Billy Gray is not entitled to any recovery for loss of consortium based on the incident. The trial court granted the summary judgment and this appeal ensued.

In appellant's sole point of error, she argues that the trial court erred in granting summary judgment because the appellee failed to demonstrate its entitlement to such relief as a matter of law. Specifically, appellant argues that appellee has not established that the comments of Rodriguez were not slanderous as a matter of law, or that the comments were privileged. Appellant does not address the loss of consortium issue in this appeal.

<small>STANDARD OF REVIEW</small>

The rules related to the burden undertaken by a defendant seeking summary judgment are well-known. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471–72 (Tex.1991). It is not the purpose of summary judgment to deprive a litigant of her right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *City of Garland v. Booth,* 895 S.W.2d 766, 768 (Tex.App.—Dallas 1995, writ denied). Summary judgment is proper only when a movant establishes that there is no genuine issue of fact and that he or she is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against the movant. *Nixon v. Mr.*

*Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When a fact issue material to the case has been raised by the nonmovant, a jury or fact finder must decide the issue in a conventional trial. *Schuller v. Swan,* 911 S.W.2d 396, 398 (Tex.App.—Corpus Christi 1995, no writ).

Where, as in the case at hand, the order granting the summary judgment does not specify the grounds upon which it was granted, the reviewing court must affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire and Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). Accordingly, we must examine each ground relied upon by appellee in its motion for summary judgment in determining the propriety of the trial court's actions.

### SLANDER PER SE

■ Appellee asserted, as a basis for its motion, that the questions posed by Rodriguez were not slanderous as a matter of law. Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Kelly v. Diocese of Corpus Christi,* 832 S.W.2d 88, 91 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.). For a defamatory oral statement to constitute slander *per se,* it must fall within one of four categories: (1) imputation of a crime, (2) imputation of a loathsome disease, (3) injury to a person's office, business, profession, or calling, and (4) imputation of sexual misconduct. *Villasenor v. Villasenor,* 911 S.W.2d 411, 418 (Tex.App.—San Antonio 1995, no writ). Thus, appellant's allegation that she was accused of shoplifting squarely fits under the first category of slander *per se.*[1]

■ If a statement unambiguously and falsely imputes criminal conduct to plaintiff, it is defamatory *per se. Mitre v. Brooks Fashion Stores, Inc.,* 840 S.W.2d 612, 619 (Tex.App.—Corpus Christi 1992, writ denied). However, the charge of violating a criminal statute need not be made in a technical manner. It is sufficient to constitute slander *per se* if, in hearing the statement, an ordinary person would draw a reasonable

conclusion that the complaining party was charged with a violation of some criminal law. *Id.* at 620.

Generally, whether the words complained of are reasonably capable of a defamatory meaning is the threshold question to be determined by the court. *See Musser v. Smith Protective Serv., Inc.,* 723 S.W.2d 653, 655 (Tex.1987). In answering this question, the court must construe the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *Id.* However, where the language used is ambiguous, the factfinder should be entitled to determine the statement's meaning and the effect it would have on the ordinary listener. *Musser,* 723 S.W.2d at 655; *Free v. American Home Assurance Co.,* 902 S.W.2d 51, 55 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ The questions appellant refers to in her deposition testimony are not conclusively non-defamatory. Although these questions in isolation may seem innocent enough, the context in which these questions were asked may reasonably be interpreted as accusations of shoplifting. In fact, without further explanation, it is hard to imagine what else could have been implied by this questioning. We hold that a fact issue exists as to the meaning of the language used in the context of all facts existing at the time the complained-of statements were made. *Musser,* 723 S.W.2d at 655; *see also Edwards v. Ideal Food Stores,* 499 S.W.2d 343, 346 (Tex.Civ.App.—Amarillo 1973, no writ) (the determination of what was said, the manner in which it was said, as well as the construction which would be placed on such language by the average person under the circumstances, was a matter for the jury). Accordingly, whether the questions asked by Rodriguez, viewed in context, amounted to slander *per se* is a material question of fact which remains unanswered. Therefore, summary judgment cannot be affirmed on the basis that the statements were not slanderous *per se.*

---

1. Shoplifting is a form of theft punishable by the Texas Penal Code and for which a person may be incarcerated. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon 1994 & Supp.1997).

### PRIVILEGE

As an additional, independent ground to support the summary judgment, appellee asserted in its motion that it had a qualified privilege to question both its employee and Ms. Gray.

■ A privileged or excused communication is one fairly made by a person in the discharge of some private or public duty, either legal or moral, or in the conduct of her own affairs, in matters where her interest is concerned. *Koerselman v. Rhynard,* 875 S.W.2d 347, 353 (Tex.App.—Corpus Christi 1994, no writ). Section 124.001 of the Texas Civil Practice and Remedies Code codifies a store owner's privilege to investigate theft.[2]

We agree with appellee that it had a conditional "shopkeepers" privilege to question its employee and appellant regarding possible shoplifting. However, appellee has not met its burden of proof on the privilege issue in the summary judgment context.

■ Whether a privilege exists is a question of law for the court. *Mitre,* 840 S.W.2d at 619. Once found to exist, a plaintiff can destroy the privilege by showing that the defendant acted with malice. *Casso v. Brand,* 776 S.W.2d 551, 561 (Tex.1989); *Dun & Bradstreet, Inc. v. O'Neil,* 456 S.W.2d 896, 899 (Tex.1970). However, as appellee points out, where the defendant moves for summary judgment, the defendant assumes the burden of proving the absence of malice. *Free,* 902 S.W.2d at 55; *Martin v. Southwestern Electric Power Co.,* 860 S.W.2d 197, 199 (Tex. App.—Texarkana 1993, writ denied). Malice sufficient to overcome a qualified privilege in a defamation action requires a showing that defendant acted with knowledge or in reckless disregard of the falsity of publicized matter, that is, that defendant entertained serious doubts about the truth of the statement. *Mitre v. La Plaza Mall,* 857 S.W.2d 752 (Tex.App.—Corpus Christi 1993, writ denied).

■ Appellee points to the affidavit of Rodriguez as summary judgment proof that HEB and its employees acted without malice. *Casso,* 776 S.W.2d at 559 (appellee may fulfill this burden by its own affidavit). In her affidavit, Rodriguez states that she did not "have any ill will or malice towards Betty Gray, and I was not trying to affoot (sic) her negatively." We find this affidavit insufficient to carry appellee's burden on summary judgment.

First, under the rules, a summary judgment may be based on the uncontroverted affidavit of an interested witness only if the evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c); *Mitre,* 840 S.W.2d at 618. For that reason, conclusory statements made by interested witnesses denying a state of mind cannot support a summary judgment. *Mitre,* 840 S.W.2d at 618 (affidavits consisting only of subjective opinions and conclusions are not competent summary judgment evidence). *See Casso,* 776 S.W.2d at 559. Furthermore, her statement that she did not have any "ill will or malice" toward Betty Gray is no more than a conclusory denial of malice. This proof meets none of the tests of Rule 166a. It is not clear, direct, or positive, it is not free from contradictions and inconsistencies, and it could not have been readily controverted. Accordingly, on this record, appellee has failed to meet its burden on its motion for summary judgment. *Casso,* 776 S.W.2d at 559.

Second, although HEB bases its motion entirely upon Gray's account of the incident, the only summary judgment evidence of the absence of malice concerns a different statement. In her affidavit, Rodriguez states that she asked Gray if "she would like to check out at another register without a line." This is not the same statement which appellant claims was made to her by Rodriguez and which appellee argues, in its motion for summary judgment, is protected under its "shopkeepers" privilege. Accordingly, the affidavit is insufficient to show that the question "what are you getting for free today?" was made without malice.

---

2. TEX. CIV. PRAC. & REM.CODE § 124.001 (Vernon 1986) provides:

A person who reasonably believes that another has stolen or is attempting to steal property is privileged to detain that person in a reasonable manner and for a reasonable time to investigate ownership of the property.

In our opinion, after reading the summary judgment proof, a material question of fact remains as to (1) whether the questions asked by Rodriguez were privileged, and (2) if privileged, whether the privilege was waived because of malice.[3] Accordingly, summary judgment cannot be affirmed on the existence of a qualified privilege.

### LOSS OF CONSORTIUM

■ As a third basis for summary judgment, appellee asserted in its motion that because the summary judgment evidence conclusively shows that Betty Gray did not suffer any physical injury, Ms. Gray's husband is not entitled to recover for loss of consortium. We need not reach the merits of this issue.

Except to the extent that appellee's liability to Ms. Gray must be established, Mr. Gray's action for loss of consortium is independent and apart from Ms. Gray's tort action. *See Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex.1978). Therefore, in order to contest the granting of the summary judgment on the issue of loss of consortium, appellant's husband is a necessary party to this appeal. Our review of the record, however, reveals that only Betty Gray has perfected appeal by filing notice of appeal and a cost bond as required by Rule 40(a). TEX. R.APP. P. 40(a). Accordingly, we have no jurisdiction to consider the propriety of the granting of summary judgment on the issue of loss of consortium.

We affirm the trial court's summary judgment as it applies to Billy Gray's claim for loss of consortium. In all other respects, the summary judgment granted by the trial court is reversed and the case remanded for trial on the merits.

**3.** We express no opinion as to whether the privilege was lost because of publication to those outside the interest group in question. This issue was not presented to the court in appellant's response to the motion for summary judgment, and accordingly is not properly included in our review of the granting of the summary judgment.

TEX. RULE CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979); *Perkins v. Damme*, 774 S.W.2d 765, 767 (Tex.App.—Corpus Christi 1989, writ denied). However, this does not preclude appellant from raising this issue at trial on the merits.