

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-330-CV

MARK DISANTI                                          APPELLANT

V.

WACHOVIA BANK,                                        APPELLEE
NATIONAL ASSOCIATION

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Mark DiSanti appeals the summary judgment entered against

him and in favor of Appellee Wachovia Bank, National Association. We will

affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, deed restrictions for the housing development known as Saddlebrook Village in Denton County were recorded in Denton County. The deed restrictions provided for a property owner's association that would charge and collect certain dues from owners of lots within the subdivision.

In 2002, Saddlebrook Homes, L.P. purchased Lot 39, Block 17 in the subdivision (the "Property"). Washington Mutual Bank, FA subsequently extended a revolving line of credit to Saddlebrook Homes and other entities pursuant to a Guidance Line Loan Agreement. The Washington Mutual loan agreement was secured by a deed of trust and a supplemental deed of trust (collectively, the "Washington Mutual Deed of Trust"), which created a security interest in the Property. The Washington Mutual Deed of Trust was properly recorded in Denton County in 2003.

In April of 2004, Saddlebrook conveyed the Property to Sok Jo Lee and Kim Sook Young. Lee and Young executed a promissory note secured by a deed of trust in favor of Argent Mortgage Company, LLC to finance the purchase of the Property. The deed from Saddlebrook to Lee and Young also created a vendor's lien retained for the benefit of Argent. Both the deed of trust securing the promissory note (the "Argent Deed of Trust") and the deed

to Lee and Young were recorded in Collin County, rather than in Denton County.

In September of 2005, Argent assigned to Ameriquest Mortgage Company, LLC the note from Lee and Young and the liens securing payment of that note. Ameriquest then assigned the note and liens securing its payment to Chase Manhattan Mortgage Corporation. Both of these assignments—to Ameriquest and to Chase—were incorrectly recorded in Collin County.

Lee and Young failed to pay certain assessments to the homeowners association as required by the deed restrictions. As a result, on January 24, 2006, the homeowners association foreclosed its assessment lien against the Property. At the time of the foreclosure sale, Denton County's real property records contained the deed to Saddlebrook and the Washington Mutual Deed of Trust, but not the deed to Lee and Young or the Argent Deed of Trust. DiSanti purchased the Property at the foreclosure sale, and an Assessment Lien Trustee's Deed conveying the Property to him was recorded in Denton County on May 4, 2006.

On October 31, 2006, the deed to Young and Lee, the Argent Deed of Trust, and the two assignments of the promissory note and the liens securing payment of that note were filed in Denton County for the first time. In April of 2007, Chase assigned to Wachovia the promissory note from Lee and Young

3

and the corresponding liens on the Property. This assignment was properly recorded in Denton County.

Wachovia brought suit against DiSanti,[2] requesting a declaration that its interest in the Property (via assignment of the promissory note from Lee and Young and corresponding liens) is superior to DiSanti's interest, that it has the right to an accounting from DiSanti of amounts past due pursuant to section 209.011(e)(2) of the Texas Property Code, and that it has the right to redeem the Property.

Wachovia moved for summary judgment on its request for a declaration that its lien is superior to DiSanti's interest in the Property.[3] Wachovia argued in its summary judgment motion that DiSanti's interest was subordinate to Wachovia's for three reasons: (1) Wachovia was equitably and contractually subrogated to Washington Mutual's superior lien position, (2) the deed to DiSanti provided that the conveyance was made subject to "any and all rights of prior lienholders" and, consequently, DiSanti's interest was subject to

---

[2] Wachovia also included claims against Lee and Young in its petition; after Lee and Young failed to answer, the trial court entered default judgment against them. They are not parties to this appeal.

[3] In its summary judgment motion, Wachovia sought final, rather than partial, summary judgment because a determination that its interest in the Property is superior to DiSanti's interest renders its claims for redemption moot and fully resolves the case.

4

Wachovia's lien even though its lien was not of record in Denton County at the time of the foreclosure sale, and (3) the vendor's lien reserved in the deed to Lee and Young and assigned to Wachovia is superior to and prior to DiSanti's interest in the Property. DiSanti filed a response to Wachovia's motion, arguing that he was a bona fide purchaser for value, without notice of the lien in favor of Wachovia or any of its predecessors, and that the doctrine of equitable subrogation did not apply to Wachovia. The trial court, without stating the specific grounds for its ruling, granted summary judgment for Wachovia, finding that Wachovia's lien is superior to and prior to DiSanti's Assessment Lien Trustee's Deed.

### III. STANDARD OF REVIEW

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

## IV. WACHOVIA'S INTEREST IN THE PROPERTY IS SUPERIOR TO DISANTI'S INTEREST

In his third issue, DiSanti argues that the trial court erred by granting summary judgment for Wachovia because Wachovia failed to meet its burden of proof. Specifically, DiSanti contends that in order for the trial court to grant summary judgment for Wachovia, it had to find (1) that Wachovia's lien was superior to DiSanti's interest in the Property and that DiSanti had knowledge of Wachovia's lien on the day of the foreclosure sale, or (2) that Wachovia was equitably subrogated to the lien rights of Washington Mutual. DiSanti also argues in his first issue that he had neither actual nor constructive notice of the lien claimed by Wachovia.[4]

---

[4] Wachovia contends on appeal that DiSanti waived his appeal because he failed to challenge every possible ground asserted by Wachovia for summary judgment. Specifically, Wachovia argues that DiSanti failed to address Wachovia's arguments that the Assessment Lien Trustee's Deed expressly subordinates DiSanti's interest to the rights of prior lienholders and that Wachovia's vendor's lien interest is superior to DiSanti's interest in the Property. However, DiSanti's argument that he was a bona fide purchaser without notice of Wachovia's interest in the Property adequately challenges these grounds. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). Additionally, in his third issue, DiSanti makes a general assertion that the trial court erred by granting summary judgment for Wachovia and argues all of the reasons why it erred by doing so. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Therefore, we hold that DiSanti did not waive his appeal.

A person who acquires property in good faith, for value, and without notice of any third-party claim or interest is a bona fide purchaser. *Fletcher v. Minton*, 217 S.W.3d 755, 758 (Tex. App.—Dallas 2007, no pet.); *City of Richland Hills v. Bertelsen*, 724 S.W.2d 428, 429 (Tex. App.—Fort Worth 1987, no writ). A bona fide purchaser acquires a property interest without being subject to prior claims. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983). Status as a bona fide purchaser is an affirmative defense to a title dispute. *Madison*, 39 S.W.3d at 606.

There is no dispute concerning DiSanti's purchase of the property in good faith and for value. Thus, the bona fide purchaser issue here centers on whether DiSanti had actual or constructive notice of Wachovia's interest. *See Fletcher*, 217 S.W.3d at 758–59. "Notice" is broadly defined as information concerning a fact actually communicated to a person, derived by him from a proper source, or presumed by law to have been acquired. *Flack v. First Nat'l Bank of Dalhart*, 148 Tex. 495, 499, 226 S.W.2d 628, 631 (1950). Notice may be actual or constructive. *Id.* Actual notice exists when a person actually knows the facts or should have known them if he had inquired about them after learning of facts that put him on inquiry. *Bertelsen*, 724 S.W.2d at 430. Constructive notice is notice the law imputes to a person not having personal

7

information or knowledge. *Madison*, 39 S.W.3d at 606; *Flack*, 226 S.W.2d at 631–32.

As a general rule, an unrecorded interest in real property is binding on those who have knowledge of the interest. *See* Tex. Prop. Code Ann. § 13.001(b) (Vernon 2004); *Burris v. McDougald*, 832 S.W.2d 707, 709 (Tex. App.—Corpus Christi 1992, no writ). Likewise, an instrument relating to real property that is not recorded in the deed records of the county in which the property is located is binding on a subsequent purchaser who has notice of the instrument. Tex. Prop. Code Ann. § 13.003 (Vernon 2004).

A purchaser is bound by every recital, reference, and reservation contained in or fairly disclosed by an instrument that forms an essential link in the chain of title under which he claims. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex. 1982). Thus, every purchaser of land is charged with knowledge of all facts appearing in the chain of title through which he claims that would place a reasonably prudent person on inquiry as to the rights of other parties in the property conveyed. *Williams v. Jennings*, 755 S.W.2d 874, 882 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (citing *Blocker v. Davis*, 241 S.W.2d 698, 700 (Tex. Civ. App.—Fort Worth 1951, writ ref'd n.r.e.). The rationale of this rule is that any description, recital of fact, or reference to other documents in an instrument puts the purchaser upon

8

inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained. *Waggoner v. Morrow*, 932 S.W.2d 627, 632 (Tex. App.—Houston [14th Dist.] 1996, no writ) (citing *Westland Oil Dev. Corp.*, 637 S.W.2d at 908).

In this case, Wachovia holds a vendor's lien on the Property through a series of assignments. If a vendor's lien encumbers the land, legal title does not pass to the vendee; instead, the vendee owns the equitable interest along with a contract for the purchase of land. *See Flag-Redfern Oil Co. v. Humble Exploration Co.*, 744 S.W.2d 6, 8 (Tex. 1987); *see also Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 651 (Tex. App.—Texarkana 1997, pet. denied) (noting that when an express vendor's lien is retained to secure unpaid purchase money, the vendor retains the superior title). Because Wachovia claims legal title to the Property by virtue of its vendor's lien, DiSanti had the burden of proving that he was a bona fide purchaser for value, without notice of other claims to the title. *See, e.g., Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 209 (Tex. App.—Fort Worth 1992, writ denied); *Phillips v. Latham*, 523 S.W.2d 19, 24 (Tex. Civ. App.—Dallas 1975, writ ref'd

9

n.r.e.) (noting general rule that one claiming to be a bona fide purchaser has the burden of proof on that issue).

Certainly, if the deed conveying the Property to Lee and Young and Wachovia's deed of trust, as well as the assignments of the promissory note from Lee and Young and corresponding liens, had been properly recorded in Denton County prior to the foreclosure sale, DiSanti's interest in the Property would have been subject to Wachovia's vendor's lien and deed of trust. *See* Tex. Prop. Code Ann. §§ 13.001(a)–(b), .003; *Walton*, 956 S.W.2d at 651. But because these interests were not of record in Denton County at the time of the foreclosure sale, we examine the summary judgment evidence to determine whether DiSanti nonetheless had notice of this interest when he purchased the Property at the foreclosure sale.[5] *See* Tex. Prop. Code Ann. §§ 13.001(a)–(b), .003; *Fletcher*, 217 S.W.3d at 758 (citing *Bertelsen*, 724 S.W.2d at 429).

---

[5] The Assessment Lien Trustee's Deed provided that DiSanti purchased the Property subject to "any and all rights of prior lienholders." Wachovia argues that because this exception language in DiSanti's deed is not limited to the rights of prior lienholders *of record*, DiSanti's interest is subject to Wachovia's interest. Wachovia's argument essentially creates an exception to both the bona fide purchaser defense and the recording requirement, but we need not address this contention because we hold that DiSanti had notice of Wachovia's interest.

The Assessment Lien Trustee's Deed conveying the Property to DiSanti states, "[A]ccording to the records of the Association, the present owner(s) of the above described Property [are] Sok Jo Lee and Kim Sook Young (per Collin County land records) & Saddlebrook Homes, L.P. (per Denton County land records)." The conveyance language of the deed conveys the Property to DiSanti "together with all and singular the rights and appurtenances thereto in anywise belonging unto Sok Jo Lee and wife Kim Sook Young & Saddlebrook Homes, L.P., the prior owner(s) of [the] Property."

Because DiSanti is bound by every reference contained in or fairly disclosed by the Assessment Lien Trustee's Deed and because that deed references Lee and Young's interests in the Property "per Collin County land records," DiSanti was placed on inquiry as to the rights of Lee and Young. *See Westland Oil Dev. Corp.*, 637 S.W.2d at 908; *Williams*, 755 S.W.2d at 882. Consequently, DiSanti was charged with constructive notice of Lee and Young's interests and, in turn, with notice of every reservation contained in the deed to Lee and Young. *See Waggoner*, 932 S.W.2d at 632. Because the deed to Lee and Young reserved a vendor's lien for the benefit of Argent, DiSanti was also charged with constructive notice of that prior and superior vendor's lien, which was ultimately assigned to Wachovia. *See id.* Applying the appropriate standard of review, indulging every reasonable inference and

11

resolving any doubts in DiSanti's favor, we conclude that the summary judgment record conclusively demonstrates that DiSanti had constructive notice of the vendor's lien in favor of Wachovia, which defeated his bona fide purchaser status. *See Mason*, 143 S.W.3d at 798.

For these reasons, we hold that Wachovia conclusively established that its vendor's lien interest in the Property is superior to DiSanti's interest in the Property.[6] Thus, we overrule DiSanti's first and third issues. Because the trial court's order granting summary judgment does not state the ground on which it was granted, DiSanti was required on appeal to negate every possible ground asserted by Wachovia for summary judgment. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993). Because we have held that the trial court properly granted Wachovia's summary judgment on the ground that Wachovia's vendor's lien interest is superior to DiSanti's interest, we must affirm the trial court's summary judgment and need not address DiSanti's other challenges to the summary judgment based on contractual and equitable

---

[6] Regardless of who had the burden of proof on the bona fide purchaser issue—i.e., whether DiSanti had the burden to prove such status or Wachovia had the burden to disprove such status—DiSanti's contention that he was a bona fide purchaser without notice of Wachovia's interest in the Property is defeated as a matter of law by the references and recitals contained in his Assessment Lien Trustee's Deed. Thus, the summary judgment record establishes that DiSanti had constructive notice of Wachovia's interest and, consequently, was not a bona fide purchaser. *See* Tex. R. Civ. P. 166a(c).

12

subrogation.  *See* Tex. R. App. P. 47.1; *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

## V.  CONCLUSION

Having overruled DiSanti's first and third issues and having held that Wachovia conclusively established its right to summary judgment, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: May 14, 2009