

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00153-CV

Tina M. Allen **SOUZA**,
Appellant

v.

Heather Clement **TESSMER**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-15319
Honorable Peter Sakai, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  August 19, 2015

AFFIRMED

Tina M. Allen Souza appeals the denial of her motion to dismiss under the Texas Citizens

Participation Act (TCPA). She argues the trial court should have granted her motion and awarded

her attorney's fees and costs because Heather Tessmer failed to establish a prima facie case for

each essential element of her defamation claim.[1] We affirm.

---

[1] In her reply brief, Souza argues her appeal is not limited to Tessmer's defamation claim. However, Souza's motion to dismiss specifically challenges only the defamation claim. At the hearing, Souza did not argue Tessmer failed to present a prima facie case of each element of any other claim. Moreover, the argument in Souza's principal brief is limited to Tessmer's defamation claim.

## BACKGROUND

After Tessmer's law firm represented Souza in a family law matter, Souza posted the following review on AVVO.com:

> I hired Heather Tessmer to handle my family law case after I saw her aggressive billboards. My case was assigned to an inexperienced associate in her firm amid my valid concerns that our opponents' attorney had 20 years more experience and an aggressive and ruthless reputation. I was charged for the associate to do research on the opposing attorney and family law. Shouldn't she have studied before leaving college?
>
> The associate did not prepare me to speak the day of court, did not even inform me I had a right not to speak.
>
> The associate received several emailed documents from me proving the opposition was lying, for which I was also charged by the associate to read them all, but the day of court she "forgot" them at home! There was nothing to prove my innocence and all the associates [sic] fault.
>
> The associate was unprepared and forgetful while inside the courtroom, shuffling through an unorganized briefcase while the opposing attorney was sharp, prepared, and organized. I asked for Tessmer, what I got was poor representation. When I fired them, they actually tried to blame the reason on me. The firm refused to send my case files to me until I "replenished" my fund, even though I owed them nothing and had fired them with a credit left on my balance. BTW they never sent me back the credit. It is obvious that they didnt [sic] care about me as their client, and the irresponsible loss caused major catastrophe to our lives.
>
> Poor legal representation CAN ruin your life. I hope AVVO is a legitimate service and fairly allows me to share my experience, maybe it will help someone.

Tessmer filed suit against Souza alleging Souza's review was defamatory per se. Souza filed a motion to dismiss under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 *et seq.* (West 2015). The motion asserted the TCPA applies "because the statements [Tessmer] has alleged to be defamatory concern a . . . service in the marketplace and therefore address a matter of public concern." Souza's motion requested that the trial court dismiss Tessmer's defamation claim and award Souza her attorney's fees and costs. Tessmer then filed a notice of nonsuit.

The trial court held a hearing on Souza's motion and admitted two affidavits offered by Tessmer in support of her defamation allegations. The trial court denied Souza's motion, and Souza now appeals.

### TEXAS CITIZENS PARTICIPATION ACT

Souza's sole issue is that the trial court erred by denying her motion to dismiss under the TCPA. She argues that because the trial court should have granted her motion to dismiss, she is entitled to attorney's fees and costs even though Tessmer nonsuited her claims.[2] Tessmer responds the trial court properly denied Souza's motion because the two affidavits admitted at the hearing established a prima facie case for each essential element of her defamation claim against Souza. "We review de novo a trial court's ruling on a motion to dismiss under the TCPA." *United Food & Commercial Workers Intern. Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.).

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015). "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech . . . that party may file a motion to dismiss the legal action." *Id.* § 27.003(a). Under the TCPA, "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern," which includes an issue related to "a good, product, or service in the marketplace." *Id.* § 27.001(3), (7)(E).

---

[2] Souza's request for attorney's fees and costs under the TCPA is a claim for affirmative relief that survived Tessmer's nonsuit. *See Rauhauser v. McGibney*, — S.W.3d —, No. 02-14-00215-CV, 2014 WL 6996819, at *2-3 (Tex. App.—Fort Worth Dec. 11, 2014, no pet.) (per curiam).

"The court may not dismiss a legal action under [the TCPA] if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). The mandate that a party establish by "clear and specific evidence" a prima facie case for each essential element requires the party to present "some evidence" of each element and "does not impose a higher burden of proof than that required of the plaintiff at trial." *In re Lipsky*, 460 S.W.3d 579, 591, 595 (Tex. 2015). "Though the TCPA initially demands more information about the underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.* at 591.

Souza's motion to dismiss asserts dismissal is required because Tessmer cannot "establish a prima facie case for each essential element of plaintiff's claim of defamation." Tessmer argues Souza's review was defamatory in stating, "The firm refused to send my case files to me until I 'replenished' my fund, even though I owed them nothing and had fired them with a credit left on my balance. BTW they never sent me back to the credit." The elements of a defamation claim include:

> (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. 'Actual malice' in this context means that the statement was made with knowledge of its falsity or with reckless disregard for its truth. Finally, the plaintiff must plead and prove damages, unless the defamatory statements are defamatory per se. Defamation per se refers to statements that are so obviously harmful that general damages may be presumed.

*Id.* at 593 (internal quotes omitted). If a statement unambiguously and falsely imputes criminal conduct, it is defamatory per se. *Gray v. HEB Food Store No. 4*, 941 S.W.2d 327, 329 (Tex. App.—Corpus Christi 1997, writ denied). Whether a statement in a publication is false and defamatory depends on a reasonable person's perception of the statement when the publication is considered as a whole. *In re Lipsky*, 460 S.W.3d at 594.

During the hearing on Souza's motion, the trial court admitted Souza's AVVO.com review and the affidavits of Tammy Fisher and Heidi Helstrom, both of whom worked at Tessmer's law firm. Fisher's affidavit detailed what Souza owed and what she had paid. It states, "Ms. Souza never had a credit balance in her account, as her bills were never paid in full from February 2014 forward." Helstrom's affidavit states Souza's case file was mailed to her a week after Souza requested it. The affidavits contain some evidence that the statements Souza published on the Internet regarding her case file and Tessmer's alleged wrongful retention of a credit on her account were false. Therefore, we hold Tessmer established a prima facie case of publication of a false statement of fact to a third party.

In her AVVO.com review, Souza accused Tessmer of not returning her case file and of keeping an account credit that was owed to Souza. A reasonable person could perceive Souza's statement that Tessmer wrongfully withheld money owed to her as an unambiguous accusation of theft, which is proscribed by chapter 31 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 31.01(2), (3), (4)(B), 31.03(a), (b) (West Supp. 2014). We hold Tessmer established a prima facie case that Souza's accusation was defamation per se.

Fisher's affidavit further states Souza consulted with Tessmer's law firm and was asked to make a deposit of $2,500. It also states Souza told the law firm she was unable to make the full payment. According to Fisher's affidavit:

> On February 26, 2014, I emailed Ms. Souza her February 2014 invoice, showing an amount due of $4,917.80. This amount would have paid her current to the end of February 2014 and replenished her trust account to $2,500.00, as per the terms of our contract. In the email accompanying said invoice, we expressly indicated that payment was due no later than March 3, 2014, as a hearing was scheduled for March 4, 2014. It is our policy, and it is stated in our contract, that trust accounts must be replenished in full before we attend any hearings.
>
> On March 3, 2014, Ms. Souza paid $2,500.00. It should be noted that, at that time, Ms. Souza owed $2,417.80 from February 2014 plus $1,727.25 for work performed March 1st through March 3rd, 2014, for a grand total of $4,145.05. This does not

take into account any replenishment of her trust, which was required per our contract. We continued to work on Ms. Souza's case through the month of March 2014, including attending her March 4th hearing, despite receiving no further payment.

Although Souza does not argue what standard of fault applies, Fisher's affidavit supports that Souza knew or should have known her statement that Tessmer refused to return her case file and the credit on her account was false or that Souza made the statements with reckless disregard for their truth. We hold Tessmer established a prima facie case for the element of fault. *See In re Lipsky*, 460 S.W.3d at 593.

Souza argues the statements in her review were based on what she knew at the time, as demonstrated by an affidavit she attached to her motion to dismiss. Souza assumes Tessmer was required to conclusively establish Souza's fault at the hearing on the motion to dismiss. However, the TCPA only required Tessmer to present some evidence establishing a prima facie case of fault. *See id.* at 591, 595. Souza's affidavit does not demonstrate Tessmer failed to satisfy her burden on the TPCA. *See id.*

## CONCLUSION

Because Tessmer's affidavits established a prima facie case for each essential element of her defamation per se claim, the trial court did not err by denying Souza's motion to dismiss. Consequently, Souza is not entitled to attorney's fees and costs. We affirm the trial court's order.

Luz Elena D. Chapa, Justice